1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH R. LORDAN, SB# 265610
2    Email: Joseph.Lordan@lewisbrisbois.com
   VINCENT R. FISHER, SB# 276334
3    Email: Vincent.Fisher@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile:  415.434.0882

6  Attorneys for Defendants PAVILIONS MANAGEMENT, LLC, and 4R FAMILY ENTERPRISES, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 KRISTI MAISENBACH,                        CASE NO.

12          Plaintiff,                       **DEFENDANTS PAVILIONS MANAGEMENT, LLC, AND 4R FAMILY ENTERPRISES, INC.'S NOTICE OF**
13      vs.                                  **REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331**

14 PAVILIONS    MANAGEMENT,    LLC,
   MCDONALD'S USA, LLC, 4R FAMILY            **[FEDERAL QUESTION JURISDICTION]**
15 ENTERPRISES, INC. and DOES 1-20,

16          Defendants.

17

18      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

19 **NORTHERN DISTRICT OF CALIFORNIA:**

20      **PLEASE TAKE NOTICE** that on January 30, 2019, Defendants PAVILIONS

21 MANAGEMENT, LLC and 4R FAMILY ENTERPRISES, INC. ("Defendants"), filed this notice of

22 removal on the bases of federal question jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

23 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1367(a) as follows:

24      1.      On November 1, 2018, Plaintiff KRISTI MAISENBACH ("Plaintiff"), by and through

25 her attorneys, filed a civil action in the Superior Court of the State of California in and for the County

26 of Alameda, entitled *Kristi Maisenbach v. Pavilions Management, LLC, McDonald's USA, LLC, 4R*

27 *Family Enterprises, Inc. and Does 1–20*, Case No. RG18927098. This Complaint was not served on

28 Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.      On November 5, 2018, Plaintiff filed a First Amended Complaint and Summons and served them on Defendants, via U.S. mail on December 11, 2018, along with Notices and Acknowledgment of Receipt.  True and correct copies of the original Summons and Complaint, First Amended Complaint, and Proofs of Service of Summons are attached as **Exhibit A**.

3.      On **December 31, 2018**, our office signed and returned to Plaintiff the Notices of Acknowledgment of Receipt, via U.S. mail. True and correct copies of the Notices of Acknowledgement and Receipt are attached as **Exhibit B**. Pursuant to the Cal. Code Civ. P. § 415.30, service of a summons is deemed complete on the date that the Notice of Acknowledgment of Receipt is **signed**. This Notice of Removal is filed within the thirty (30) day time limit for removal set forth in 28 U.S.C. § 1446(a).

4.      On January 17, 2019, Defendants PAVILIONS MANAGEMENT, LLC, 4R FAMILY ENTERPRISES, INC., and McDONALD's USA, LLC, agreed and stipulated to timely remove Plaintiff's state court action to federal court on the basis of original "federal question" jurisdiction with Plaintiff's claims. A true and correct copy of the Stipulation is attached as **Exhibit C**.

5.      On January 29, 2019, Defendants filed with the Alameda County Superior Court Answers to the First Amended Complaint.  True and correct copies of the Answers are attached as **Exhibit D**.

**FEDERAL QUESTION JURISDICTION**

6.      The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a), in that Plaintiff's Complaint contains a cause of action "arising under the Constitution, laws, or treaties of the United States."

7.      Plaintiff's First Amended Complaint alleges, among other things, that Defendants allegedly engaged in unlawful sex discrimination and retaliation, thereby violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 USC § 2000e, *et seq*.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-0746-0486.1

2

DEFENDANTS PAVILIONS MANAGEMENT, LLC, AND 4R FAMILY ENTERPRISES, INC.'S NOTICE  OF REMOVAL TO FEDERAL  COURT

1

**JURISDICTION OVER STATE LAW CLAIMS**

2    8.    The other causes of action and bases for relief asserted by Plaintiff in this action arise

3  out of the same set of facts and are part of the same case and controversy involving the alleged

4  violations of Title VII, so that this Court has supplemental jurisdiction over those other cases of

5  actions and bases for relief within the meaning of 28 U.S.C. § 1367(a).

6    **WHEREFORE**, Defendants respectfully pray that this Notice of Removal be deemed good

7  and sufficient, and that Case No. RG18927098 be removed from the Superior Court of California,

8  County of Alameda, to the docket of this Honorable Court.

9  DATED: January 30, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

10                          By: */s/ Vincent R. Fisher*

11                              Joseph R. Lordan
                              Vincent R. Fisher

12                              Attorneys for Defendants,
                              PAVILIONS MANAGEMENT, LLC, and 4R FAMILY ENTERPRISES,

13                              INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**EXHIBIT A**

# COMPLAINT

1  EVE H. CERVANTEZ (SBN 164709)
   MEREDITH JOHNSON (SBN 291018)
2  Altshuler Berzon LLP
   177 Post Street, Suite 300
3  San Francisco, California 94108
   Telephone:    (415) 421-7151
4  Facsimile:    (415) 362-8064
   E-mail:       ecervantez@altber.com
5                mjohnson@altber.com

6  JENNIFER S. SCHWARTZ (SBN 135932)
   MENAKA N. FERNANDO (SBN 271380)
7  JULIA STEPHANIDES (SBN 300587)
   Outten & Golden LLP
8  One California Street, 12th Floor
   San Francisco, CA 94111
9  Telephone: (415) 638-8800
   Facsimile: (415) 638-8810
10 E-mail: jschwartz@outtengolden.com
           mfernando@outtengolden.com
11         jstephanides@outtengolden.com

12 Attorneys for Plaintiff
   KRISTI MAISENBACH
13

FILED
ALAMEDA COUNTY
OCT 26 2018   NOV 0 1 2018
CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

13         SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF ALAMEDA

15 KRISTI MAISENBACH,                    Case No.: ____ RG18927098

16         Plaintiff,                    COMPLAINT
                                         1.  Sexual Harassment – Hostile Work
17                                           Environment and Quid Pro Quo (Cal. Gov.
                                             Code §§ 12940, et. seq.)
18    v.                                 2.  Discrimination Based on Sex (Cal. Gov. Code
                                             §§ 12940, et. seq.)
19 PAVILIONS MANAGEMENT, LLC,           3.  Failure to Prevent Discrimination and
   MCDONALD'S USA, LLC, and DOES 1-20       Harassment (Cal. Gov. Code §§ 12940, et.
20                                           seq.)
           Defendants.                   4.  Retaliation in Violation of FEHA (Cal. Gov.
21                                           Code §§ 12940, et. seq.)
                                         5.  Retaliation for Disclosure of Unlawful Acts
22                                           (Cal. Lab. Code § 1102.5)
                                         6.  Violence/Threats of Violence on the Basis of
23                                           Sex (Ralph Act – Cal. Civ. Code § 51.7)
                                         7.  Unlawful and Unfair Business Practices (Cal.
24                                           Bus. & Prof. Code §17200 et seq.)
                                         8.  Sex Discrimination – Sexual Harassment and
25                                           Hostile Work Environment (Title VII of the
                                             Civil Rights Act of 1964, as amended, 42
26                                           U.S.C. § 2000e, et. seq.)
                                         9.  Retaliation (Title VII of the Civil Rights Act of
27                                           1964, as amended, 42 U.S.C. § 2000e, et. seq.)

28                                       JURY TRIAL DEMANDED

BY FAX

COMPLAINT

Plaintiff Kristi Maisenbach alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil rights action brought by Plaintiff Kristi Maisenbach against her former employer, Pavilions Management, LLC d/b/a McDonald's and McDonald's USA, LLC (together, "McDonald's" or "Defendants").  During her entire tenure with McDonald's, Maisenbach was subjected to sexual harassment on a daily basis by her immediate supervisor, who touched her private parts on numerous occasions and often made unwelcome and offensive sexually explicit comments to and about her.  Maisenbach complained about the harassment to her manager, but the manager took no action to stop the harassment.  Instead, Maisenbach's hours were reduced to the point that she could no longer afford to continue working at McDonald's; she was forced to quit because of the hours reduction and the continued abusive and hostile work environment.

### VENUE

2.      Venue is appropriate in the County of Alameda pursuant to California Code of Civil Procedure section 395(a) and California Government Code section 12965(b) because the principal place of business of one of the Defendants, Pavilions Management, LLC, is Berkeley, California, located in Alameda County.

### PARTIES

3.      Plaintiff Kristi J. Maisenbach is an individual and at all times relevant to this litigation was a resident of the County of Sacramento, California.  At all times relevant to this litigation, Maisenbach was an employee of Defendants within the meaning of the relevant statutes cited herein.

4.      Defendant Pavilions Management, LLC d/b/a McDonald's ("Pavilions") is a limited liability corporation formed under the laws of the State of California with its headquarters in Berkeley, California.  At all times relevant, Pavilions was owned and operated by Aladdin Dino Sammakieh.  At all times relevant, Pavilions owned and operated the McDonald's restaurant located at 170 Iron Point Road in Folsom, California.  At all relevant

1  times, Pavilions had at least 15 employees. At all times relevant, Pavilions was Maisenbach's

2  employer under all relevant statutes.

3         5.   Plaintiff is informed and believes, and thereon alleges, that Defendant

4  McDonald's USA, LLC ("McDonald's USA") is a Delaware limited liability company with its

5  principal place of business in Illinois, which operates restaurants in all 50 states, including

6  California. At all relevant times, on information and belief, Defendant McDonald's U.S.A. has

7  done business in California and committed the unlawful acts alleged in this Complaint. At all

8  relevant times, McDonald's USA has had at least 15 employees. At all times relevant,

9  McDonald's USA was Maisenbach's employer under all relevant statutes.

10        6.   McDonald's USA contracts with, on information and belief, approximately 300

11  franchisees that operate McDonald's restaurants in California. Pavilions is a McDonald's

12  franchisee that operated the McDonald's store located at 170 Iron Point Road in Folsom,

13  California during the relevant time period.

14        7.   Together, Defendants jointly operated the McDonald's restaurant at 170 Iron

15  Point Road in Folsom during the relevant time period, and tightly controlled the working

16  conditions of employees therein, including with respect to the work environment, and reporting

17  and investigation of sexual harassment complaints.

18        8.   Plaintiff is ignorant of the true names or capacities of the Defendants sued here

19  under the fictitious names DOES 1 through 20, inclusive, pursuant to Code of Civil Procedure

20  section 474. Plaintiff is informed and believes and thereon alleges that each of the Doe

21  Defendants was responsible in some manner for the occurrences and injuries alleged in this

22  Complaint.

23        9.   Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

24  was at all times relevant herein the agent, servant, employee, and/or representative of the other

25  Defendants and was acting, at least in part, within the course and scope of such relationship and

26  that each and every Defendant herein is jointly and severally responsible and liable to Plaintiff

27  for the damages hereinafter alleged.

28

## EXHAUSTION OF REMEDIES

10.     On or about September 21, 2016, Maisenbach filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), alleging that she was discriminated against on the basis of her sex, sexually harassed, and retaliated against and constructively discharged for complaining about the unlawful harassment.

11.     Maisenbach did not receive Notices of Right to Sue from either the EEOC or DFEH until August 8, 2018, when an attorney acting on her behalf requested and received copies of both the EEOC and the DFEH Notices from the EEOC.

12.     The EEOC Notices received by the attorney acting on Maisenbach's behalf were dated April 14, 2017, and indicate that they were mailed to Defendants McDonald's USA and Pavilions.

13.     To the extent the EEOC attempted to mail copies of the Notices of Right to Sue to Maisenbach on or about April 14, 2017, Maisenbach did not receive them at or near April 2017, or at any time until August 8, 2018. The EEOC Notices dated April 14, 2017, but sent to an attorney acting on Maisenbach's behalf on or about August 8, 2018, bear two different, and both incorrect, addresses, for Maisenbach. On information and belief, to the extent that the EEOC attempted to mail copies of the Notices of Right to Sue to Maisenbach, the EEOC mailed said Notices to incorrect addresses at which Maisenbach did not reside. In April 2017, the EEOC was on notice of Maisenbach's correct and current address.

14.     To the extent the DFEH attempted to mail copies of the Notices of Right to Sue to Maisenbach on or about April 14, 2017, Maisenbach did not receive them at or near April 2017, or at any time until August 8, 2018. On information and belief, to the extent that the DFEH attempted to mail copies of the Notices of Right to Sue to Maisenbach, the DFEH mailed said Notices to incorrect addresses at which Maisenbach did not reside, despite the fact that the DFEH was on notice of Maisenbach's correct and current address.

15.     This action is timely brought within 90 days of Maisenbach's constructive receipt of the Notices of Right to Sue through her attorney.

## FACTUAL ALLEGATIONS

### McDonald's Subjected Maisenbach To A Hostile Work Environment and Retaliated Against Her For Complaining

16.     When she was just 19 years old, on October 1, 2015, Maisenbach got her first job as a Crew Person at the McDonald's located at 170 Iron Point Road in Folsom, California. She worked at the front counter and the drive thru for McDonald's.

17.     Maisenbach applied to work at McDonald's through a McDonald's corporate website that listed opportunities to work at all McDonald's restaurants nationwide. Maisenbach worked in a restaurant with the McDonald's logo prominently displayed, was required to wear McDonald's uniforms, and was paid with paychecks bearing the McDonald's logo. She received a McDonald's employee handbook, and was instructed to adhere to McDonald's practices and policies for performing her job duties. In short, she worked for McDonald's.

18.     At no time during the course of her employment at McDonald's did Maisenbach receive any instruction or training about how to report sexual harassment.

19.     Maisenbach's immediate supervisor was shift manager Berry (last name unknown). Berry directed Maisenbach's day-to-day work and had the power to discipline her.

20.     Almost immediately after Maisenbach started working at McDonald's, Berry began harassing her on a daily basis. Berry made unwelcome and offensive comments about his sexual interest in Maisenbach, and made offensive and sexually explicit comments to and about her. For example, Berry suggested that he could treat Maisenbach better than her boyfriend, with a clear sexual implication, and similarly told Maisenbach that he wanted to see if she could do better than his girlfriend, also implying that he wanted to have sex with her. Berry made comments about his genitalia, including statements about the size of his penis, and that Maisenbach "should try it out." Berry was constantly finding excuses to touch Maisenbach, by, for example, pretending to flick a non-existent crumb off her breast. Berry grabbed Maisenbach's breasts on multiple occasions. Berry frequently rubbed up against Maisenbach when he walked by her, despite their being ample room to avoid touching her, and intentionally

1   rubbed his genitals against Maisenbach's buttocks. Maisenbach repeatedly asked Berry to stop,

2   but he did not stop.

3        21.    In or about mid-March, 2016, Berry sent Maisenbach a text message in which he

4   offered her $1,000 in exchange for oral sex, stating specifically "I will give you a g if you give

5   me oral."

6        22.    The following day, Maisenbach reported Berry's unwelcome and harassing sexual

7   conduct to the restaurant General Manager, McKenna "Keena" Johnson. Although Johnson told

8   Maisenbach that she would no longer have to work with Berry, Johnson did not change

9   Maisenbach's shift assignment. Johnson continued to assign Maisenbach to work on the shift

10  supervised by Berry. After Maisenbach reported Berry's conduct, Berry became very hostile

11  toward Maisenbach, calling her a "bitch" and assigning her to unpleasant tasks, such as cleaning

12  the toilets or lobby, despite the fact that her job was front counter or drive thru.

13       23.    Maisenbach again reported Berry's conduct to Johnson, but Johnson failed to

14  discipline Berry and/or take any other corrective measures. Instead, Johnson told Maisenbach

15  that she should not have flirted with Berry, and blamed Maisenbach for allegedly having

16  encouraged Berry's sexual interest.

17       24.    Shortly after Maisenbach reported Berry's sexual harassment to Johnson, her

18  hours were reduced. Eventually, she was scheduled for only about two hours of work a week.

19  This was not sufficient to pay her rent, or even to cover the cost of transportation to get to work.

20  Maisenbach was forced to resign her employment with McDonald's on March 30, 2016, because

21  McDonald's had reduced her hours to the point that she could not make a living, and because she

22  could not bear Berry's continued hostile and abusive behavior.

23  **McDonald's Policies and Procedures Are Insufficient To Protect Its Employees From**

24  **Sexual Harassment**

25       25.    McDonald's USA operates, franchises, and services a system of restaurants that

26  prepare, assemble, package, and sell a limited menu of value-priced foods under the McDonald's

27  System. The McDonald's System is a concept of restaurant operations that includes, among

28  other things, certain rights in trademarks, real estate, marketing, and operational information

6
COMPLAINT

1   designed to promote uniformity of operations.

2       26.     The key to McDonald's USA's success, according to its own internal and publicly

3   filed documents, is "branding" – developing and maintaining customer trust in the McDonald's

4   brand, so whether that customer is in a restaurant owned and operated by McDonald's USA

5   directly or owned and operated by a franchisee, and whether the customer is in a restaurant in his

6   or her hometown, a neighboring state, or a foreign country far away, the customer will know

7   what to expect from the McDonald's experience, including what to expect from McDonald's

8   crew member interactions.

9       27.     Plaintiff is informed and believes, and thereon alleges, that globally,

10  approximately 7,000 McDonald's restaurants are owned and operated directly by McDonald's

11  USA, and approximately 28,000 are owned and operated by McDonald's USA franchisees,

12  companies like Defendant Pavilions.

13      28.     Plaintiff is informed and believes, and thereon alleges, that McDonald's USA has

14  a franchise agreement with Pavilions that requires Pavilions to strictly adhere to the McDonald's

15  System, including, *inter alia*, by complying with all standards, business policies, practices and

16  procedures prescribed by McDonald's USA; using formulas, methods and policies relating to

17  operations, inventory, accounting, management, and advertising that are set forth in detailed

18  manuals developed and provided by McDonald's USA; using corporate-supplied or -approved

19  equipment and food products; submitting to regular comprehensive site inspections and

20  computer monitoring; and sharing a percentage of gross sales revenues with McDonald's USA.

21      29.     On information and belief, the franchise agreement McDonald's USA maintains

22  with Pavilions vests in McDonald's USA significant control over restaurant operations, working

23  conditions, personnel training, and the finances of franchisees' restaurants, and give McDonald's

24  USA unlimited and unrestricted authority to inspect restaurants to monitor workplace conditions,

25  including labor conditions, and to ensure compliance with the standards and policies of

26  McDonald's USA.

27      30.     McDonald's USA maintains national franchise standards to which all of its

28  franchisees are expected and required to adhere, and that affect almost every aspect of the

1  restaurants' functioning, including practices and policies affecting crew members' labor

2  conditions.  Plaintiff is informed and believe, and on this basis alleges, that Defendant Pavilions

3  is subject to these national franchise standards.

4        31.   McDonald's USA evaluates and grades all franchisees on whether they have

5  satisfied its franchise standards, including standards governing the recruitment, development,

6  training and retention of qualified personnel.

7        32.   McDonald's USA significantly restricts the business autonomy of its franchisees

8  and their ability to make independent decisions based upon their own assessment of what is best

9  for their particular business, by instead requiring compliance with the myriad standards it

10  imposes on all its franchisee-owned restaurants as well as upon its own corporate-owned

11  restaurants.

12        33.   McDonald's USA requires all General Managers working at franchisee stores to

13  attend training at "Hamburger University" operated by McDonald's corporate, including, on

14  information and belief, General Manager McKenna Johnson, who managed the store at 170 Iron

15  Point Road in Folsom during the relevant time period.  On information and belief, McDonald's

16  USA also trains shift managers who work at franchisee stores, including shift manager Berry,

17  who was Maisenbach's immediate supervisor during the relevant time period.

18        34.   McDonald's USA provides or makes available materials about sexual harassment

19  to its franchisees, including, on information and belief, to Defendant Pavilions.  On information

20  and belief, these materials include policies, including a policy on sexual harassment; a "STOP"

21  sign to be posted in employee breakrooms, which includes only a blank line for information

22  about who to contact about sexual harassment; a "9-in-1" poster to be posted in employee

23  breakrooms, which includes only a blank line for information about who to contact about sexual

24  harassment; and guidelines for investigating a claim of unlawful harassment.  On information

25  and belief, McDonald's USA also makes available human resources consulting for franchisees

26  via its McDonald's Service Center.

27        35.   The policies, procedures, guidelines, and/or practices of McDonald's are

28  insufficient to prevent discrimination against, and harassment of, Plaintiff and other female

1 employees.  McDonald's did not and does not train crew members, supervisors, or managers

2 about what constitutes unlawful sexual harassment, and also failed and fails to train crew

3 members, supervisors, or managers on what to do when they experience or see others experience

4 sexual harassment.  McDonald's did not and does not inform, instruct, or train crew members,

5 supervisors, or managers about how and to whom sexual harassment should be reported, and

6 there is no adequate mechanism by which crew members, supervisors and managers can report

7 sexual harassment.  McDonald's did not and does not instruct or train supervisors and managers

8 on what should be done to investigate reports of sexual harassment or on what steps to take to

9 protect employees who report harassment from further harassment or retaliation.  McDonald's

10 did not and does not adequately train supervisors or managers on what constitutes unlawful

11 retaliation.  McDonald's did not and does not discipline employees who harass other employees,

12 and allows them to continue the harassment even after it has actual knowledge of the harassment.

13 McDonald's did not and does not hold supervisors and managers accountable for preventing and

14 stopping sexual harassment.

15     36.     Defendants knowingly created intolerable working conditions such that a

16 reasonable woman in Plaintiff's position would have had no reasonable alternative except to

17 resign.

18     37.     Defendants' unlawful conduct was engaged in and/or ratified by managing agents

19 of the company, in whom Plaintiff placed her justified and good faith trust. Defendants acted in a

20 deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to

21 injure and damage Plaintiff and/or with callous disregard for Plaintiff's rights to be free from

22 discrimination, harassment and retaliation in the workplace.

23     38.     Defendants' outrageous conduct towards Plaintiff in maintaining a workplace

24 permeated with intolerable working conditions has irreparably disrupted Plaintiff's life and

25 career.  As a result of McDonald's unlawful conduct, Plaintiff has and continues to suffer

26 significant emotional distress.

27

28

# FIRST CAUSE OF ACTION

## Sexual Harassment – Hostile Work Environment and Quid Pro Quo

### (Cal. Gov. Code §§ 12940, *et. seq.*)

### (Against All Defendants)

39.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

40.     At all times relevant herein, Plaintiff was a female employee protected from harassment in employment on the basis of her gender.

41.     At all times relevant herein, Defendants participated in the harassment of Plaintiff by their harassing, discriminatory and retaliatory behavior toward Plaintiff as alleged herein and/or substantially assisted, encouraged and condoned the continued harassment toward Plaintiff creating a hostile work environment, and sanctioned and ratified the unlawful harassing conduct.

42.     Defendants subjected Plaintiff to severe and/or pervasive harassment of a sexual nature, such that a reasonable woman in Plaintiff's position would have found the environment to be hostile and abusive.  The behavior was unwanted, without Plaintiff's consent, objected to, and offensive to Plaintiff.

43.     Defendants subjected Plaintiff to her Shift Supervisor's unwanted sexual advances and/or other unwanted verbal or physical conduct of a sexual nature.  The terms of Plaintiff's employment, job benefits, or favorable working conditions were made contingent, by words or conduct, on Plaintiff's acceptance of her Shift Supervisor's sexual advances or conduct.

44.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendant is liable, including but not limited to pain and suffering, and the loss of past and future salary, wages, benefits, or other privileges and conditions of employment in an amount to be proven at trial.

45.     As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

46. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. The unlawful conduct alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Pursuant to California Civil Code § 3294, Defendants are liable for punitive damages.

## SECOND CAUSE OF ACTION

### Discrimination Based on Sex

### (Cal. Gov. Code §§ 12940, et. seq.)

### (Against All Defendants)

47. Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

48. At all times relevant herein, Plaintiff was a female employee protected from discrimination in employment on the basis of her gender.

49. It is an unlawful employment practice for an employer to discriminate against an employee, including discriminating against her in the terms and conditions of her employment, based on her gender.

50. Plaintiff was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of her gender in violation of FEHA.

51. Defendant unlawfully discriminated against Plaintiff because of her gender and with respect to the terms, conditions, and privileges of her employment, including but not limited to constructively discharging from employment; and otherwise changing the terms and conditions of her employment in violation of FEHA.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendant is liable, including but not limited to pain and suffering, and the loss of past

1   and future salary, wages, benefits, or other privileges and conditions of employment in an

2   amount to be proven at trial.

3       53.   As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

4   damages, equitable relief, attorneys' fees, and costs.

5       54.   Defendants committed the acts herein alleged maliciously, fraudulently, and

6   oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

7   punitive damages from Defendants in an amount according to proof.  The unlawful conduct

8   alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

9   managing agents of Defendants and each of them, who were acting at all times relevant to this

10  Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

11  3294, Defendants are liable for punitive damages.

## THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination and Harassment

### (Cal. Gov. Code §§ 12940, *et. seq.*)

### (Against All Defendants)

16      55.   Plaintiff incorporates, by reference, her allegations from each of the preceding

17  paragraphs.

18      56.   At all relevant times mentioned herein, California Government Code §§ 12940 *et.*

19  *seq.* was in full force and effect and binding upon Defendants and their employees.  Section

20  12940(k) provides that it is an unlawful employment practice for an employer "to fail to take all

21  reasonable steps necessary to prevent discrimination . . . from occurring."

22      57.   Through its acts and omissions, Defendants failed in their affirmative duty to take

23  all reasonable steps necessary to prevent harassment based on gender from occurring, in

24  violation of California Government Code § 12940(k).

25      58.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

26  suffered and will continue to suffer economic and non-economic compensatory damages for

27  which Defendants are liable, including but not limited to pain and suffering, the loss of past and

28

1   future salary, wages, benefits, and other privileges and conditions of employment in an amount

2   to be proven at trial.

3         59.    As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

4   damages, equitable relief, attorneys' fees, and costs.

5         60.    Defendants committed the acts herein alleged maliciously, fraudulently, and

6   oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

7   punitive damages from Defendants in an amount according to proof.  The unlawful conduct

8   alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

9   managing agents of Defendants and each of them, who were acting at all times relevant to this

10  Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

11  3294, Defendants are liable for punitive damages.

12  **FOURTH CAUSE OF ACTION**

13  **Retaliation in Violation of FEHA**

14  **(Cal. Gov. Code §§ 12940, *et. seq.*)**

15  **(Against All Defendants)**

16        61.    Plaintiff incorporates, by reference, her allegations from each of the preceding

17  paragraphs.

18        62.    At all times alleged herein, California Government Code § 12940(h) was in full

19  effect and binding on all Defendants.

20        63.    Pursuant to California Government Code § 12940(h), Plaintiff had a legal right to

21  report and protest harassment in the workplace, without retaliation from Defendants.

22        64.    As a result of Plaintiff's reporting the unlawful conduct of employees of

23  Defendants, Plaintiff was retaliated against by Defendants.

24        65.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

25  suffered and will continue to suffer economic and non-economic compensatory damages for

26  which Defendants are liable, including but not limited to pain and suffering, and the loss of past

27  and future salary, wages, benefits, or other privileges and conditions of employment in an

28  amount to be proven at trial.

COMPLAINT

66.     As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

67.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.  The unlawful conduct alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Pursuant to California Civil Code § 3294, Defendants are liable for punitive damages.

## FIFTH CAUSE OF ACTION

### Retaliation for Disclosure of Unlawful Acts

### (Cal. Lab. Code § 1102.5)

### (Against All Defendants)

68.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

69.     At all times alleged herein, California Labor Code § 1102.5 was in full effect and binding on all Defendants.

70.     Pursuant to California Labor Code § 1102.5, Plaintiff had a legal right to disclose unlawful acts to those with authority to investigate, discover or correct such violations without retaliation from Defendants.

71.     Plaintiff reported and disclosed unlawful acts prohibited by FEHA, Title VII of the Civil Rights Act of 1964, California Civil Code section 51.7 and the California Business & Professions Code, among other laws, to managers and supervisors employed by Defendants.

72.     As a result of Plaintiff's reporting and disclosure of unlawful acts, Defendants retaliated against Plaintiff, as described herein.

73.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendants are liable, including but not limited to pain and suffering, and the loss of past

1   and future salary, wages, benefits, or other privileges and conditions of employment in an

2   amount to be proven at arbitration.

3        74.   As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

4   damages, equitable relief, attorneys' fees, and costs.

5        75.   Defendants committed the acts herein alleged maliciously, fraudulently, and

6   oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

7   punitive damages from Defendants in an amount according to proof.  The unlawful conduct

8   alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

9   managing agents of Defendants and each of them, who were acting at all times relevant to this

10  Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

11  3294, Defendants are liable for punitive damages.

12            **SIXTH CAUSE OF ACTION**

13       **Violence/Threats of Violence on the Basis of Sex**

14       **(Ralph Act – Cal. Civ. Code § 51.7)**

15          **(Against All Defendants)**

16       76.   Plaintiff incorporates, by reference, her allegations from each of the preceding

17  paragraphs.

18       77.   At all times alleged herein, the Ralph Act, Cal. Civ. Code § 51.7 was in full effect

19  and binding on all Defendants.

20       78.   Pursuant to Cal. Civ. Code § 51.7, Plaintiff had a legal right to be free from

21  violence and/or threats of violence on the basis of her sex.

22       79.   Defendants subjected Plaintiff to violent acts and/or threats of violent acts against

23  Plaintiff by her Shift Supervisor on the basis of her gender.  Defendants aided, incited, and/or

24  conspired with Plaintiff's managers in the denial of Plaintiff's rights under Cal. Civ. Code §

25  51.7.

26       80.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

27  suffered and will continue to suffer economic and non-economic compensatory damages for

28  which Defendants are liable, including but not limited to pain and suffering, and the loss of past

1   and future salary, wages, benefits, or other privileges and conditions of employment in an

2   amount to be proven at trial.

3        81.    As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

4   damages, equitable relief, penalties, attorneys' fees, and costs.

5        82.    Defendants committed the acts herein alleged maliciously, fraudulently, and

6   oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

7   punitive damages from Defendants in an amount according to proof.  The unlawful conduct

8   alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

9   managing agents of Defendants and each of them, who were acting at all times relevant to this

10  Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

11  3294, Defendants are liable for punitive damages.

12                         **SEVENTH CAUSE OF ACTION**

13                    **Unlawful and Unfair Business Practices**

14                  **(Cal. Bus. & Prof. Code §17200 *et seq.*)**

15                         **(Against All Defendants)**

16       83.    Plaintiff incorporates, by reference, her allegations from each of the preceding

17  paragraphs.

18       84.    Defendants' policies and/or practices of subjecting Plaintiff and other women to

19  sexual harassment, condoning sexual harassment against women by supervisors and managers,

20  failing to prevent sexual harassment by supervisors and managers, and otherwise discriminating

21  against women in the terms, conditions, and privileges of employment on the basis of their sex

22  constitute business practices because McDonald's acts and omissions as alleged herein have been

23  done repeatedly over a significant period of time, and in a systematic manner, to the detriment of

24  Plaintiff.

25       85.    Defendants' acts and omissions, as alleged herein, violate the FEHA, Government

26  Code § 12940 *et. seq.* and Title VII, and therefore constitute unlawful business practices

27  prohibited by Business & Professions Code § 17200 *et seq.*

28

86.     Defendants' acts and omissions, as alleged herein, constitute unfair business practices prohibited by Business & Professions Code § 17200 *et seq.* Defendants' business practices of encouraging, allowing, condoning, and failing to prevent sexual harassment of Plaintiff and other women crew members caused harm to Plaintiff that outweighs any reason Defendants may have had for doing so, as there is no legitimate reason for Defendants' behavior. Defendants' business practices as alleged herein are also immoral, unethical, oppressive, unscrupulous, and offensive to the established public policies of ensuring women are not subjected to hostile and abusive workplaces, as reflected in the FEHA and Title VII. As a result of their unlawful and/or unfair business practices during the course of Plaintiff's employment, Defendants reaped unfair and illegal profits at the expense of Plaintiff. Accordingly, McDonald's should be disgorged of illegal profits, and Plaintiff is entitled to restitution with interest of such ill-gotten profits in an amount according to proof at the time of trial.

87.     Defendants' unlawful and/or unfair business practices entitle Plaintiff to preliminary and permanent injunctive relief and other equitable relief available under law.

## EIGHTH CAUSE OF ACTION

### Sex Discrimination

### Sexual Harassment and Hostile Work Environment

### (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*)

88.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

89.     Defendants violated Title VII when they subjected Plaintiff to unlawful sex discrimination, including sexual harassment and a hostile work environment that altered Plaintiff's working conditions. Defendants failed to take immediate and appropriate corrective action despite knowledge of the sexual harassment and hostile work environment.

90.     Defendants knew or should have known that their actions constituted unlawful sex discrimination, including sexual harassment and hostile work environment, and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

91.   As a direct result of Defendants' discriminatory acts, Plaintiff is entitled to damages including, but not limited to past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## NINTH CLAIM FOR RELIEF

### Retaliation

### (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*)

92.   Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

93.   Plaintiff engaged in protected activities under Title VII, including making internal complaints of sexual harassment and opposing gender discrimination.

94.   Defendants violated Title VII when they took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities and opposition to sex discrimination, including sexual harassment and hostile work environment.

95.   Defendants knew or should have known that their actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

96.   As a direct result of Defendants' retaliatory acts, Plaintiff is entitled to damages including, but not limited to past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   For compensatory damages including lost wages, earnings, and all other sums of money, together with interest on these amounts at prevailing rates and according to proof;

2.   For general, special, and incidental damages and amounts for emotional and physical distress according to proof;

3.   For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

4.     For prejudgment interest and interest on the sum of damages awarded to the maximum extent permitted by law;

5.     A preliminary and permanent injunction against McDonald's and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff and other employees based on gender;

6.     An order that McDonald's institute and carry out policies, practices, and programs, that provide equal employment opportunities for all employees regardless of gender, including taking actions to prevent sexual harassment that creates a hostile work environment;

7.     An order to ensure that McDonald's complies with the injunction provisions of any decree that the Court orders;

8.     An order retaining jurisdiction over this action to ensure that McDonald's complies with such a decree;

9.     Restitution of all monies due to Plaintiff, as well as disgorgement of McDonald's profits from its unlawful and/or unfair business practices;

10.    For reasonable attorneys' fees and costs of suit herein incurred; and

11.    For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: __Nov. 1__, 2018

EVE CERVANTEZ
MEREDITH JOHNSON
Altshuler Berzon LLP

By: _____
      EVE CERVANTEZ

JENNIFER S. SCHWARTZ
MENAKA N. FERNANDO
JULIA STEPHANIDES
Outten & Golden LLP

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff Kristi Maisenbach hereby demands a jury trial with respect to all issues triable of right by jury.

Respectfully submitted,

Dated: Nov. 1, 2018

EVE CERVANTEZ
MEREDITH JOHNSON
Altshuler Berzon LLP

By: _____
EVE CERVANTEZ

JENNIFER S. SCHWARTZ
MENAKA N. FERNANDO
JULIA STEPHANIDES
Outten & Golden LLP

*Attorneys for Plaintiffs*

# FIRST AMENDED COMPLAINT



**21089279**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 Pavilions Management, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 Kristi Maisenbach

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY
NOV 5 2018
CLERK OF THE SUPERIOR COURT
By Sonia Puerta
Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br> René C. Davidson Courthouse - 1225 Fallon Street -<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso)*<br>RG18927098 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Eve Cervantez, Altshuler Berzon LLP, 177 Post Street, S 300, San Francisco, CA 94108, Tel: 4154217151

| DATE: **NOV - 5 2018**<br>*(Fecha)* | **Chad Finke** | Clerk, by<br>*(Secretario)* Sonia Puerta | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

---

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Pavilions Management, LLC

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

# SUMMONS
## *(CITACION JUDICIAL)*

21089280

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNT
NOV 5 2018
CLERK OF THE SUPERIOR COURT
By Jania Puerto Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

4R Family Enterprises, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kristi Maisenbach

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>René C. Davidson Courthouse - 1225 Fallon Street -<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG18927098 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eve Cervantez, Altshuler Berzon LLP, 177 Post Street, S 300, San Francisco, CA 94108, Tel: 4154217151

| DATE: **NOV – 5 2018** | Clerk, by | Jania Puerto | , Deputy |
|---|---|---|---|
| *(Fecha)* Chad Finke | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* 4R Family Enterprises, Inc.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

21089260

FILED
ALAMEDA COUNTY
NOV 5 2018
CLERK OF THE SUPERIOR COURT
By_____
Deputy

1  EVE H. CERVANTEZ (SBN 164709)
   MEREDITH JOHNSON (SBN 291018)
2  Altshuler Berzon LLP
   177 Post Street, Suite 300
3  San Francisco, California 94108
   Telephone:   (415) 421-7151
4  Facsimile:   (415) 362-8064
   E-mail:      ecervantez@altber.com
5               mjohnson@altber.com

6  JENNIFER S. SCHWARTZ (SBN 135932)
   MENAKA N. FERNANDO (SBN 271380)
7  JULIA STEPHANIDES (SBN 300587)
   Outten & Golden LLP
8  One California Street, 12th Floor
   San Francisco, CA 94111
9  Telephone: (415) 638-8800
   Facsimile: (415) 638-8810
10 E-mail: jschwartz@outtengolden.com
           mfernando@outtengolden.com
11         jstephanides@outtengolden.com

12 Attorneys for Plaintiff
   KRISTI MAISENBACH

13         SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF ALAMEDA

15 KRISTI MAISENBACH,                  Case No.: RG18927098

16         Plaintiff,                  **FIRST AMENDED COMPLAINT**
                                       1.  Sexual Harassment – Hostile Work
17                                         Environment and Quid Pro Quo (Cal. Gov.
                                           Code §§ 12940, et. seq.)
   v.                                  2.  Discrimination Based on Sex (Cal. Gov. Code
18                                         §§ 12940, et. seq.)
                                       3.  Failure to Prevent Discrimination and
19 PAVILIONS MANAGEMENT, LLC,             Harassment (Cal. Gov. Code §§ 12940, et.
   MCDONALD'S USA, LLC, 4R FAMILY          seq.)
20 ENTERPRISES, INC. and DOES 1-20     4.  Retaliation in Violation of FEHA (Cal. Gov.
                                           Code §§ 12940, et. seq.)
21         Defendants.                 5.  Retaliation for Disclosure of Unlawful Acts
                                           (Cal. Lab. Code § 1102.5)
22                                     6.  Violence/Threats of Violence on the Basis of
                                           Sex (Ralph Act – Cal. Civ. Code § 51.7)
23                                     7.  Unlawful and Unfair Business Practices (Cal.
                                           Bus. & Prof. Code §17200 et seq.)
24                                     8.  Sex Discrimination – Sexual Harassment and
                                           Hostile Work Environment (Title VII of the
25                                         Civil Rights Act of 1964, as amended, 42
                                           U.S.C. § 2000e, et. seq.)
26                                     9.  Retaliation (Title VII of the Civil Rights Act of
                                           1964, as amended, 42 U.S.C. § 2000e, et. seq.)
27
                                       **JURY TRIAL DEMANDED**
28
                                                                    BY FAX

1    Plaintiff Kristi Maisenbach alleges as follows:

2    ## NATURE OF THE ACTION

3        1.      This is a civil rights action brought by Plaintiff Kristi Maisenbach against her

4    former employer, Pavilions Management, LLC d/b/a McDonald's, 4R Family Enterprises, Inc.,

5    d/b/a McDonald's, and McDonald's USA, LLC (together, "McDonald's" or "Defendants").

6    During her entire tenure with McDonald's, Maisenbach was subjected to sexual harassment on a

7    daily basis by her immediate supervisor, who touched her private parts on numerous occasions

8    and often made unwelcome and offensive sexually explicit comments to and about her.

9    Maisenbach complained about the harassment to her manager, but the manager took no action to

10   stop the harassment.  Instead, Maisenbach's hours were reduced to the point that she could no

11   longer afford to continue working at McDonald's; she was forced to quit because of the hours

12   reduction and the continued abusive and hostile work environment.

13   ## VENUE

14       2.      Venue is appropriate in the County of Alameda pursuant to California Code of

15   Civil Procedure section 395(a) and California Government Code section 12965(b) because the

16   principal place of business of one of the Defendants, Pavilions Management, LLC, is Berkeley,

17   California, located in Alameda County.

18   ## PARTIES

19       3.      Plaintiff Kristi J. Maisenbach is an individual and at all times relevant to this

20   litigation was a resident of the County of Sacramento, California.  At all times relevant to this

21   litigation, Maisenbach was an employee of Defendants within the meaning of the relevant

22   statutes cited herein.

23       4.      Defendant Pavilions Management, LLC d/b/a McDonald's ("Pavilions") is a

24   limited liability corporation formed under the laws of the State of California with its

25   headquarters in Berkeley, California.  At all times relevant, Pavilions was owned and operated

26   by Aladdin Dino Sammakieh.  At all times relevant, Pavilions owned and operated the

27   McDonald's restaurant located at 170 Iron Point Road in Folsom, California.  At all relevant

28

1    times, Pavilions had at least 15 employees.  At all times relevant, Pavilions was Maisenbach's

2    employer under all relevant statutes.

3        5.       Defendant 4R Family Enterprises, Inc. d/b/a McDonald's ("4R") is a corporation

4    formed under the laws of the State of California with its headquarters in Citrus Heights,

5    California.  At all times relevant, the CEO of 4R was Kenneth Ristuben.  At all times relevant,

6    4R owned and operated the McDonald's restaurant located at 170 Iron Point Road in Folsom,

7    California.  At all relevant times, 4R had at least 15 employees.  At all times relevant, 4R was

8    Maisenbach's employer under all relevant statutes.

9        6.       Plaintiff is informed and believes, and thereon alleges, that Defendant

10    McDonald's USA, LLC ("McDonald's USA") is a Delaware limited liability company with its

11    principal place of business in Illinois, which operates restaurants in all 50 states, including

12    California.  At all relevant times, on information and belief, Defendant McDonald's U.S.A. has

13    done business in California and committed the unlawful acts alleged in this Complaint.  At all

14    relevant times, McDonald's USA has had at least 15 employees.  At all times relevant,

15    McDonald's USA was Maisenbach's employer under all relevant statutes.

16        7.       McDonald's USA contracts with, on information and belief, approximately 300

17    franchisees that operate McDonald's restaurants in California.  Pavilions and 4R are

18    McDonald's franchisees that operated the McDonald's store located at 170 Iron Point Road in

19    Folsom, California during the relevant time period.

20        8.       Together, Defendants jointly operated the McDonald's restaurant at 170 Iron

21    Point Road in Folsom during the relevant time period, and tightly controlled the working

22    conditions of employees therein, including with respect to the work environment, and reporting

23    and investigation of sexual harassment complaints.

24        9.       Plaintiff is ignorant of the true names or capacities of the Defendants sued here

25    under the fictitious names DOES 1 through 20, inclusive, pursuant to Code of Civil Procedure

26    section 474.  Plaintiff is informed and believes and thereon alleges that each of the Doe

27    Defendants was responsible in some manner for the occurrences and injuries alleged in this

28    Complaint.

10.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all times relevant herein the agent, servant, employee, and/or representative of the other Defendants and was acting, at least in part, within the course and scope of such relationship and that each and every Defendant herein is jointly and severally responsible and liable to Plaintiff for the damages hereinafter alleged.

## EXHAUSTION OF REMEDIES

11.     On or about September 21, 2016, Maisenbach filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), alleging that she was discriminated against on the basis of her sex, sexually harassed, and retaliated against and constructively discharged for complaining about the unlawful harassment.

12.     Maisenbach did not receive Notices of Right to Sue from either the EEOC or DFEH until August 8, 2018, when an attorney acting on her behalf requested and received copies of both the EEOC and the DFEH Notices from the EEOC.

13.     The EEOC Notices received by the attorney acting on Maisenbach's behalf were dated April 14, 2017, and indicate that they were mailed to Defendants McDonald's USA and Pavilions.

14.     To the extent the EEOC attempted to mail copies of the Notices of Right to Sue to Maisenbach on or about April 14, 2017, Maisenbach did not receive them at or near April 2017, or at any time until August 8, 2018. The EEOC Notices dated April 14, 2017, but sent to an attorney acting on Maisenbach's behalf on or about August 8, 2018, bear two different, and both incorrect, addresses, for Maisenbach. On information and belief, to the extent that the EEOC attempted to mail copies of the Notices of Right to Sue to Maisenbach, the EEOC mailed said Notices to incorrect addresses at which Maisenbach did not reside. In April 2017, the EEOC was on notice of Maisenbach's correct and current address.

15.     To the extent the DFEH attempted to mail copies of the Notices of Right to Sue to Maisenbach on or about April 14, 2017, Maisenbach did not receive them at or near April 2017, or at any time until August 8, 2018. On information and belief, to the extent that the DFEH

1    attempted to mail copies of the Notices of Right to Sue to Maisenbach, the DFEH mailed said

2    Notices to incorrect addresses at which Maisenbach did not reside, despite the fact that the

3    DFEH was on notice of Maisenbach's correct and current address.

4         16.    This action is timely brought within 90 days of Maisenbach's constructive receipt

5    of the Notices of Right to Sue through her attorney.

6                              **FACTUAL ALLEGATIONS**

7    **McDonald's Subjected Maisenbach To A Hostile Work Environment and Retaliated**

8                         **Against Her For Complaining**

9         17.    When she was just 19 years old, on October 1, 2015, Maisenbach got her first job

10   as a Crew Person at the McDonald's located at 170 Iron Point Road in Folsom, California. She

11   worked at the front counter and the drive thru for McDonald's.

12        18.    Maisenbach applied to work at McDonald's through a McDonald's corporate

13   website that listed opportunities to work at all McDonald's restaurants nationwide.  Maisenbach

14   worked in a restaurant with the McDonald's logo prominently displayed, was required to wear

15   McDonald's uniforms, and was paid with paychecks bearing the McDonald's logo.  She received

16   a McDonald's employee handbook, and was instructed to adhere to McDonald's practices and

17   policies for performing her job duties.  In short, she worked for McDonald's.

18        19.    At no time during the course of her employment at McDonald's did Maisenbach

19   receive any instruction or training about how to report sexual harassment.

20        20.    Maisenbach's immediate supervisor was shift manager Berry (last name

21   unknown).  Berry directed Maisenbach's day-to-day work and had the power to discipline her.

22        21.    Almost immediately after Maisenbach started working at McDonald's, Berry

23   began harassing her on a daily basis.  Berry made unwelcome and offensive comments about his

24   sexual interest in Maisenbach, and made offensive and sexually explicit comments to and about

25   her.  For example, Berry suggested that he could treat Maisenbach better than her boyfriend, with

26   a clear sexual implication, and similarly told Maisenbach that he wanted to see if she could do

27   better than his girlfriend, also implying that he wanted to have sex with her.  Berry made

28   comments about his genitalia, including statements about the size of his penis, and that

1   Maisenbach "should try it out." Berry was constantly finding excuses to touch Maisenbach, by,

2   for example, pretending to flick a non-existent crumb off her breast. Berry grabbed

3   Maisenbach's breasts on multiple occasions. Berry frequently rubbed up against Maisenbach

4   when he walked by her, despite their being ample room to avoid touching her, and intentionally

5   rubbed his genitals against Maisenbach's buttocks. Maisenbach repeatedly asked Berry to stop,

6   but he did not stop.

7        22.    In or about mid-March, 2016, Berry sent Maisenbach a text message in which he

8   offered her $1,000 in exchange for oral sex, stating specifically "I will give you a g if you give

9   me oral."

10        23.    The following day, Maisenbach reported Berry's unwelcome and harassing sexual

11   conduct to the restaurant General Manager, McKenna "Keena" Johnson. Although Johnson told

12   Maisenbach that she would no longer have to work with Berry, Johnson did not change

13   Maisenbach's shift assignment. Johnson continued to assign Maisenbach to work on the shift

14   supervised by Berry. After Maisenbach reported Berry's conduct, Berry became very hostile

15   toward Maisenbach, calling her a "bitch" and assigning her to unpleasant tasks, such as cleaning

16   the toilets or lobby, despite the fact that her job was front counter or drive thru.

17        24.    Maisenbach again reported Berry's conduct to Johnson, but Johnson failed to

18   discipline Berry and/or take any other corrective measures. Instead, Johnson told Maisenbach

19   that she should not have flirted with Berry, and blamed Maisenbach for allegedly having

20   encouraged Berry's sexual interest.

21        25.    Shortly after Maisenbach reported Berry's sexual harassment to Johnson, her

22   hours were reduced. Eventually, she was scheduled for only about two hours of work a week.

23   This was not sufficient to pay her rent, or even to cover the cost of transportation to get to work.

24   Maisenbach was forced to resign her employment with McDonald's on March 30, 2016, because

25   McDonald's had reduced her hours to the point that she could not make a living, and because she

26   could not bear Berry's continued hostile and abusive behavior.

27

28

**McDonald's Policies and Procedures Are Insufficient To Protect Its Employees From Sexual Harassment**

26.     McDonald's USA operates, franchises, and services a system of restaurants that prepare, assemble, package, and sell a limited menu of value-priced foods under the McDonald's System. The McDonald's System is a concept of restaurant operations that includes, among other things, certain rights in trademarks, real estate, marketing, and operational information designed to promote uniformity of operations.

27.     The key to McDonald's USA's success, according to its own internal and publicly filed documents, is "branding" – developing and maintaining customer trust in the McDonald's brand, so whether that customer is in a restaurant owned and operated by McDonald's USA directly or owned and operated by a franchisee, and whether the customer is in a restaurant in his or her hometown, a neighboring state, or a foreign country far away, the customer will know what to expect from the McDonald's experience, including what to expect from McDonald's crew member interactions.

28.     Plaintiff is informed and believes, and thereon alleges, that globally, approximately 7,000 McDonald's restaurants are owned and operated directly by McDonald's USA, and approximately 28,000 are owned and operated by McDonald's USA franchisees, companies like Defendants Pavilions and 4R.

29.     Plaintiff is informed and believes, and thereon alleges, that McDonald's USA has franchise agreements with Pavilions and 4R that require Pavilions and 4R to strictly adhere to the McDonald's System, including, *inter alia*, by complying with all standards, business policies, practices and procedures prescribed by McDonald's USA; using formulas, methods and policies relating to operations, inventory, accounting, management, and advertising that are set forth in detailed manuals developed and provided by McDonald's USA; using corporate-supplied or - approved equipment and food products; submitting to regular comprehensive site inspections and computer monitoring; and sharing a percentage of gross sales revenues with McDonald's USA.

30.     On information and belief, the franchise agreements McDonald's USA maintains with Pavilions and 4R vest in McDonald's USA significant control over restaurant operations,

1  working conditions, personnel training, and the finances of franchisees' restaurants, and give

2  McDonald's USA unlimited and unrestricted authority to inspect restaurants to monitor

3  workplace conditions, including labor conditions, and to ensure compliance with the standards

4  and policies of McDonald's USA.

5          31.     McDonald's USA maintains national franchise standards to which all of its

6  franchisees are expected and required to adhere, and that affect almost every aspect of the

7  restaurants' functioning, including practices and policies affecting crew members' labor

8  conditions.  Plaintiff is informed and believe, and on this basis alleges, that Defendants Pavilions

9  and 4R are subject to these national franchise standards.

10         32.     McDonald's USA evaluates and grades all franchisees on whether they have

11 satisfied its franchise standards, including standards governing the recruitment, development,

12 training and retention of qualified personnel.

13         33.     McDonald's USA significantly restricts the business autonomy of its franchisees

14 and their ability to make independent decisions based upon their own assessment of what is best

15 for their particular business, by instead requiring compliance with the myriad standards it

16 imposes on all its franchisee-owned restaurants as well as upon its own corporate-owned

17 restaurants.

18         34.     McDonald's USA requires all General Managers working at franchisee stores to

19 attend training at "Hamburger University" operated by McDonald's corporate, including, on

20 information and belief, General Manager McKenna Johnson, who managed the store at 170 Iron

21 Point Road in Folsom during the relevant time period.  On information and belief, McDonald's

22 USA also trains shift managers who work at franchisee stores, including shift manager Berry,

23 who was Maisenbach's immediate supervisor during the relevant time period.

24         35.     McDonald's USA provides or makes available materials about sexual harassment

25 to its franchisees, including, on information and belief, to Defendants Pavilions and 4R.  On

26 information and belief, these materials include policies, including a policy on sexual harassment;

27 a "STOP" sign to be posted in employee breakrooms, which includes only a blank line for

28 information about who to contact about sexual harassment; a "9-in-1" poster to be posted in

1   employee breakrooms, which includes only a blank line for information about who to contact

2   about sexual harassment; and guidelines for investigating a claim of unlawful harassment.  On

3   information and belief, McDonald's USA also makes available human resources consulting for

4   franchisees via its McDonald's Service Center.

5       36.     The policies, procedures, guidelines, and/or practices of McDonald's are

6   insufficient to prevent discrimination against, and harassment of, Plaintiff and other female

7   employees.  McDonald's did not and does not train crew members, supervisors, or managers

8   about what constitutes unlawful sexual harassment, and also failed and fails to train crew

9   members, supervisors, or managers on what to do when they experience or see others experience

10  sexual harassment.  McDonald's did not and does not inform, instruct, or train crew members,

11  supervisors, or managers about how and to whom sexual harassment should be reported, and

12  there is no adequate mechanism by which crew members, supervisors and managers can report

13  sexual harassment.  McDonald's did not and does not instruct or train supervisors and managers

14  on what should be done to investigate reports of sexual harassment or on what steps to take to

15  protect employees who report harassment from further harassment or retaliation.  McDonald's

16  did not and does not adequately train supervisors or managers on what constitutes unlawful

17  retaliation.  McDonald's did not and does not discipline employees who harass other employees,

18  and allows them to continue the harassment even after it has actual knowledge of the harassment.

19  McDonald's did not and does not hold supervisors and managers accountable for preventing and

20  stopping sexual harassment.

21      37.     Defendants knowingly created intolerable working conditions such that a

22  reasonable woman in Plaintiff's position would have had no reasonable alternative except to

23  resign.

24      38.     Defendants' unlawful conduct was engaged in and/or ratified by managing agents

25  of the company, in whom Plaintiff placed her justified and good faith trust. Defendants acted in a

26  deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to

27  injure and damage Plaintiff and/or with callous disregard for Plaintiff's rights to be free from

28  discrimination, harassment and retaliation in the workplace.

39.     Defendants' outrageous conduct towards Plaintiff in maintaining a workplace permeated with intolerable working conditions has irreparably disrupted Plaintiff's life and career.  As a result of McDonald's unlawful conduct, Plaintiff has and continues to suffer significant emotional distress.

## FIRST CAUSE OF ACTION

### Sexual Harassment – Hostile Work Environment and Quid Pro Quo

### (Cal. Gov. Code §§ 12940, *et. seq.*)

### (Against All Defendants)

40.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

41.     At all times relevant herein, Plaintiff was a female employee protected from harassment in employment on the basis of her gender.

42.     At all times relevant herein, Defendants participated in the harassment of Plaintiff by their harassing, discriminatory and retaliatory behavior toward Plaintiff as alleged herein and/or substantially assisted, encouraged and condoned the continued harassment toward Plaintiff creating a hostile work environment, and sanctioned and ratified the unlawful harassing conduct.

43.     Defendants subjected Plaintiff to severe and/or pervasive harassment of a sexual nature, such that a reasonable woman in Plaintiff's position would have found the environment to be hostile and abusive.  The behavior was unwanted, without Plaintiff's consent, objected to, and offensive to Plaintiff.

44.     Defendants subjected Plaintiff to her Shift Supervisor's unwanted sexual advances and/or other unwanted verbal or physical conduct of a sexual nature.  The terms of Plaintiff's employment, job benefits, or favorable working conditions were made contingent, by words or conduct, on Plaintiff's acceptance of her Shift Supervisor's sexual advances or conduct.

45.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendant is liable, including but not limited to pain and suffering, and the loss of past

1  and future salary, wages, benefits, or other privileges and conditions of employment in an

2  amount to be proven at trial.

3      46.    As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

4  damages, equitable relief, attorneys' fees, and costs.

5      47.    Defendants committed the acts herein alleged maliciously, fraudulently, and

6  oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

7  punitive damages from Defendants in an amount according to proof.  The unlawful conduct

8  alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

9  managing agents of Defendants and each of them, who were acting at all times relevant to this

10 Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

11 3294, Defendants are liable for punitive damages.

12 **SECOND CAUSE OF ACTION**

13 **Discrimination Based on Sex**

14 **(Cal. Gov. Code §§ 12940, et. seq.)**

15 **(Against All Defendants)**

16     48.    Plaintiff incorporates, by reference, her allegations from each of the preceding

17 paragraphs.

18     49.    At all times relevant herein, Plaintiff was a female employee protected from

19 discrimination in employment on the basis of her gender.

20     50.    It is an unlawful employment practice for an employer to discriminate against an

21 employee, including discriminating against her in the terms and conditions of her employment,

22 based on her gender.

23     51.    Plaintiff was discriminated against in the terms and conditions of her

24 employment, as outlined above, on the basis of her gender in violation of FEHA.

25     52.    Defendant unlawfully discriminated against Plaintiff because of her gender and

26 with respect to the terms, conditions, and privileges of her employment, including but not limited

27 to constructively discharging from employment; and otherwise changing the terms and

28 conditions of her employment in violation of FEHA.

53.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendant is liable, including but not limited to pain and suffering, and the loss of past and future salary, wages, benefits, or other privileges and conditions of employment in an amount to be proven at trial.

54.     As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

55.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.  The unlawful conduct alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Pursuant to California Civil Code § 3294, Defendants are liable for punitive damages.

### THIRD CAUSE OF ACTION

**Failure to Prevent Discrimination and Harassment**

**(Cal. Gov. Code §§ 12940, *et. seq.*)**

**(Against All Defendants)**

56.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

57.     At all relevant times mentioned herein, California Government Code §§ 12940 *et. seq.* was in full force and effect and binding upon Defendants and their employees.  Section 12940(k) provides that it is an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring."

58.     Through its acts and omissions, Defendants failed in their affirmative duty to take all reasonable steps necessary to prevent harassment based on gender from occurring, in violation of California Government Code § 12940(k).

1       59.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

2 suffered and will continue to suffer economic and non-economic compensatory damages for

3 which Defendants are liable, including but not limited to pain and suffering, the loss of past and

4 future salary, wages, benefits, and other privileges and conditions of employment in an amount

5 to be proven at trial.

6       60.    As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

7 damages, equitable relief, attorneys' fees, and costs.

8       61.    Defendants committed the acts herein alleged maliciously, fraudulently, and

9 oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

10 punitive damages from Defendants in an amount according to proof.  The unlawful conduct

11 alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

12 managing agents of Defendants and each of them, who were acting at all times relevant to this

13 Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

14 3294, Defendants are liable for punitive damages.

15 **FOURTH CAUSE OF ACTION**

16 **Retaliation in Violation of FEHA**

17 **(Cal. Gov. Code §§ 12940, *et. seq.*)**

18 **(Against All Defendants)**

19       62.    Plaintiff incorporates, by reference, her allegations from each of the preceding

20 paragraphs.

21       63.    At all times alleged herein, California Government Code § 12940(h) was in full

22 effect and binding on all Defendants.

23       64.    Pursuant to California Government Code § 12940(h), Plaintiff had a legal right to

24 report and protest harassment in the workplace, without retaliation from Defendants.

25       65.    As a result of Plaintiff's reporting the unlawful conduct of employees of

26 Defendants, Plaintiff was retaliated against by Defendants.

27       66.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

28 suffered and will continue to suffer economic and non-economic compensatory damages for

1    which Defendants are liable, including but not limited to pain and suffering, and the loss of past

2    and future salary, wages, benefits, or other privileges and conditions of employment in an

3    amount to be proven at trial.

4         67.    As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory

5    damages, equitable relief, attorneys' fees, and costs.

6         68.    Defendants committed the acts herein alleged maliciously, fraudulently, and

7    oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover

8    punitive damages from Defendants in an amount according to proof.  The unlawful conduct

9    alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or

10   managing agents of Defendants and each of them, who were acting at all times relevant to this

11   Complaint within the scope and course of their employment.  Pursuant to California Civil Code §

12   3294, Defendants are liable for punitive damages.

13                            **FIFTH CAUSE OF ACTION**

14                    **Retaliation for Disclosure of Unlawful Acts**

15                          **(Cal. Lab. Code § 1102.5)**

16                            **(Against All Defendants)**

17        69.    Plaintiff incorporates, by reference, her allegations from each of the preceding

18   paragraphs.

19        70.    At all times alleged herein, California Labor Code § 1102.5 was in full effect and

20   binding on all Defendants.

21        71.    Pursuant to California Labor Code § 1102.5, Plaintiff had a legal right to disclose

22   unlawful acts to those with authority to investigate, discover or correct such violations without

23   retaliation from Defendants.

24        72.    Plaintiff reported and disclosed unlawful acts prohibited by FEHA, Title VII of

25   the Civil Rights Act of 1964, California Civil Code section 51.7 and the California Business &

26   Professions Code, among other laws, to managers and supervisors employed by Defendants.

27        73.    As a result of Plaintiff's reporting and disclosure of unlawful acts, Defendants

28   retaliated against Plaintiff, as described herein.

FIRST AMENDED COMPLAINT                        14                    Case no.: BC18027008

74.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendants are liable, including but not limited to pain and suffering, and the loss of past and future salary, wages, benefits, or other privileges and conditions of employment in an amount to be proven at arbitration.

75.     As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

76.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.  The unlawful conduct alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Pursuant to California Civil Code § 3294, Defendants are liable for punitive damages.

## SIXTH CAUSE OF ACTION

### Violence/Threats of Violence on the Basis of Sex

### (Ralph Act – Cal. Civ. Code § 51.7)

### (Against All Defendants)

77.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

78.     At all times alleged herein, the Ralph Act, Cal. Civ. Code § 51.7 was in full effect and binding on all Defendants.

79.     Pursuant to Cal. Civ. Code § 51.7, Plaintiff had a legal right to be free from violence and/or threats of violence on the basis of her sex.

80.     Defendants subjected Plaintiff to violent acts and/or threats of violent acts against Plaintiff by her Shift Supervisor on the basis of her gender.  Defendants aided, incited, and/or conspired with Plaintiff's managers in the denial of Plaintiff's rights under Cal. Civ. Code § 51.7.

81.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages for which Defendants are liable, including but not limited to pain and suffering, and the loss of past and future salary, wages, benefits, or other privileges and conditions of employment in an amount to be proven at trial.

82.     As a result of Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, penalties, attorneys' fees, and costs.

83.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.  The unlawful conduct alleged above was engaged in and/or ratified by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Pursuant to California Civil Code § 3294, Defendants are liable for punitive damages.

## SEVENTH CAUSE OF ACTION

### Unlawful and Unfair Business Practices

### (Cal. Bus. & Prof. Code §17200 *et seq.*)

### (Against All Defendants)

84.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

85.     Defendants' policies and/or practices of subjecting Plaintiff and other women to sexual harassment, condoning sexual harassment against women by supervisors and managers, failing to prevent sexual harassment by supervisors and managers, and otherwise discriminating against women in the terms, conditions, and privileges of employment on the basis of their sex constitute business practices because McDonald's acts and omissions as alleged herein have been done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

86.     Defendants' acts and omissions, as alleged herein, violate the FEHA, Government Code § 12940 *et. seq.* and Title VII, and therefore constitute unlawful business practices prohibited by Business & Professions Code § 17200 *et seq.*

87.     Defendants' acts and omissions, as alleged herein, constitute unfair business practices prohibited by Business & Professions Code § 17200 *et seq.*  Defendants' business practices of encouraging, allowing, condoning, and failing to prevent sexual harassment of Plaintiff and other women crew members caused harm to Plaintiff that outweighs any reason Defendants may have had for doing so, as there is no legitimate reason for Defendants' behavior. Defendants' business practices as alleged herein are also immoral, unethical, oppressive, unscrupulous, and offensive to the established public policies of ensuring women are not subjected to hostile and abusive workplaces, as reflected in the FEHA and Title VII.  As a result of their unlawful and/or unfair business practices during the course of Plaintiff's employment, Defendants reaped unfair and illegal profits at the expense of Plaintiff.  Accordingly, McDonald's should be disgorged of illegal profits, and Plaintiff is entitled to restitution with interest of such ill-gotten profits in an amount according to proof at the time of trial.

88.     Defendants' unlawful and/or unfair business practices entitle Plaintiff to preliminary and permanent injunctive relief and other equitable relief available under law.

## EIGHTH CAUSE OF ACTION

### Sex Discrimination

### Sexual Harassment and Hostile Work Environment

### (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*)

89.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

90.     Defendants violated Title VII when they subjected Plaintiff to unlawful sex discrimination, including sexual harassment and a hostile work environment that altered Plaintiff's working conditions. Defendants failed to take immediate and appropriate corrective action despite knowledge of the sexual harassment and hostile work environment.

91.     Defendants knew or should have known that their actions constituted unlawful sex discrimination, including sexual harassment and hostile work environment, and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

92.     As a direct result of Defendants' discriminatory acts, Plaintiff is entitled to damages including, but not limited to past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## NINTH CLAIM FOR RELIEF

### Retaliation

**(Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*)**

93.     Plaintiff incorporates, by reference, her allegations from each of the preceding paragraphs.

94.     Plaintiff engaged in protected activities under Title VII, including making internal complaints of sexual harassment and opposing gender discrimination.

95.     Defendants violated Title VII when they took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities and opposition to sex discrimination, including sexual harassment and hostile work environment.

96.     Defendants knew or should have known that their actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

97.     As a direct result of Defendants' retaliatory acts, Plaintiff is entitled to damages including, but not limited to past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     For compensatory damages including lost wages, earnings, and all other sums of money, together with interest on these amounts at prevailing rates and according to proof;

2.     For general, special, and incidental damages and amounts for emotional and physical distress according to proof;

3.     For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

4.     For prejudgment interest and interest on the sum of damages awarded to the maximum extent permitted by law;

5.     A preliminary and permanent injunction against McDonald's and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff and other employees based on gender;

6.     An order that McDonald's institute and carry out policies, practices, and programs, that provide equal employment opportunities for all employees regardless of gender, including taking actions to prevent sexual harassment that creates a hostile work environment;

7.     An order to ensure that McDonald's complies with the injunction provisions of any decree that the Court orders;

8.     An order retaining jurisdiction over this action to ensure that McDonald's complies with such a decree;

9.     Restitution of all monies due to Plaintiff, as well as disgorgement of McDonald's profits from its unlawful and/or unfair business practices;

10.     For reasonable attorneys' fees and costs of suit herein incurred; and

11.     For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: Nov. 5, 2018

EVE CERVANTEZ
MEREDITH JOHNSON
Altshuler Berzon LLP

By: _____
         EVE CERVANTEZ

JENNIFER S. SCHWARTZ
MENAKA N. FERNANDO
JULIA STEPHANIDES
Outten & Golden LLP

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff Kristi Maisenbach hereby demands a jury trial with respect to all issues triable of right by jury.

Respectfully submitted,

Dated: Nov. 5, 2018

EVE CERVANTEZ
MEREDITH JOHNSON
Altshuler Berzon LLP

By: _____
         EVE CERVANTEZ

JENNIFER S. SCHWARTZ
MENAKA N. FERNANDO
JULIA STEPHANIDES
Outten & Golden LLP

*Attorneys for Plaintiffs*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>EVE H. CERVANTEZ (SBN 164709); MEREDITH JOHNSON (SBN 291018)<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, California 94108<br>  TELEPHONE NO.: (415) 421-7151   FAX NO. *(Optional)*: (415) 362-8064<br>E-MAIL ADDRESS *(Optional)*: ecervantez@altber.com; mjohnson@altber.com<br>ATTORNEY FOR *(Name)*: Kristi Maisenbach | FOR COURT USE ONLY<br><br>FILED BY FAX<br>ALAMEDA COUNTY<br><br>January 03, 2019<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy<br><br>CASE NUMBER:<br>RG18927098 |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>  STREET ADDRESS: Administration Building<br>  MAILING ADDRESS: 1221 Oak Street<br>  CITY AND ZIP CODE: Oakland, California 94612<br>  BRANCH NAME: Civil, Dept. 25 |  |
|---|---|

| PLAINTIFF/PETITIONER: Kristi Maisenbach | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Pavilions Management, LLC, McDonald's USA, LLC, 4R Family Enterprises, Inc. And Does 1-20 | RG18927098 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: First Amended Complaint, First Amended Summons, Notice of Case Management Conference and Order of Assignment of Judge

3. a. Party served *(specify name of party as shown on documents served)*:
   Pavilions Management, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Vincent R. Fisher; Counsel for Pavilions Management, LLC

4. Address where the party was served:
   Lewis Brisbois Bisgaard & Smith LLP, 333 Bush Street, Suite 1100, San Francisco, CA 94104

5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                (2) at *(time)*:

   b. ☐ by substituted service. On *(date)*:              at *(time)*:              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:              from *(city)*:              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Kristi Maisenbach | CASE NUMBER: |
|---|---|
| Pavilions Management, LLC, McDonald's USA, LLC, 4R Family | RG18927098 |
| DEFENDANT/RESPONDENT: Enterprises, Inc. And Does 1-20 | |

5. c. ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

(1) on *(date):* December 11, 2018   (2) from *(city):* San Francisco, CA

(3) ☑  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐  as an individual defendant.
b. ☐  as the person sued under the fictitious name of *(specify):*
c. ☐  as occupant.
d. ☑  On behalf of *(specify):*  Pavilions Management, LLC
under the following Code of Civil Procedure section:

| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: McKenzie Langvardt
b. Address: 177 Post St., Suite 300, San Francisco, CA 94108
c. Telephone number: 415-421-7151
d. **The fee for service was:** $
e. I am:

(1) ☑  not a registered California process server.
(2) ☐  exempt from registration under Business and Professions Code section 22350(b).
(3) ☐  a registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.:
(iii) County:

8. ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 1/3/2019

McKenzie Langvardt
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(SIGNATURE )_

FILED BY FAX[10]

ALAMEDA COUNTY

January 15, 2019

CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

CASE NUMBER:
RG18927098

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| Eve H. Cervantez (SBN 164709); Meredith Johnson (SBN 291018) |
| Altshuler Berzon LLP |
| 177 Post Street, Suite 300 |
| San Francisco, California, 94108. |
| TELEPHONE NO. (451) 421-7151    FAX NO. *(Optional)* (415) 362-8064 |
| E-MAIL ADDRESS *(Optional)* ecervablez@altber.com; mjohnson@altber.com |
| ATTORNEY FOR *(Name):* Kristi Maisenbach |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: Administration Building
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Civil, Dept. 25

PLAINTIFF/PETITIONER: Kristi Maisenbach

DEFENDANT/RESPONDENT: Pavilions Management, LLC, McDonald's USA, LLC, 4R Familiy Enterprises, LLC, and Does 1-20

CASE NUMBER.
RG18927098

Ref. No. or File No.:

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* First Amended Complaint, First Amended Summons, Notice of Case Management Conference and Order of Assignment of Judge

3. a. Party served *(specify name of party as shown on documents served):*

   4R Family Enterprises, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Lewis Brisbois Bisgaard & Smith LLP, 333 Bush Street, Suite 1100, San Francisco CA

5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Kristi Maisenbach | CASE NUMBER |
|---|---|
| Pavilions Management, LLC, McDonald's USA, LLC, 4R Family DEFENDANT/RESPONDENT: Enterprises, LLC, and Does 1-20 | RG18927098 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):* December 11, 2018    **(2)** from *(city):* San Francisco, CA

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)           [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)   [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)           [ ] 415.46 (occupant)
                            [ ] other:

7. **Person who served papers**
  a. Name: McKenzie Langvardt
  b. Address: 177 Post St., Suite 300, San Francisco,
  c. Telephone number: 415-421-7151
  d. The fee for service was: $
  e. I am:

    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

McKenzie Langvardt
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)
▶ _____ (SIGNATURE)

**EXHIBIT B**

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FILED BY FAX |
|---|---|
| Eve Cervantez (SBN 164709); Meredith Johnson (SBN 291018)<br>177 Post Street, Suite 300<br>San Francisco, California 94108 | ALAMEDA COUNTY<br>January 03, 2019 |
| TELEPHONE NO.: 415-421-7151    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* ecervantez@altber.com; mjohnson@altber.com<br>ATTORNEY FOR *(Name):* Kristi Maisenbach | CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy<br>CASE NUMBER:<br>RG18927098 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Kristi Maisenbach

DEFENDANT/RESPONDENT: Pavilions Management, LLC, McDonald's USA, LLC, 4R Family Enterprises, Inc. and DOES 1-02

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG18927098 |
|---|---|

TO *(insert name of party being served):* Pavilions Management, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

McKenzie Langvardt
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   1. First Amended Complaint
   2. Summons for First Amended Complaint
   3. Civil Cover Sheet      4. ADR Packet
   5. Notice of Case Management Conference and Order Assigning Judge

*(To be completed by recipient):*

Date this form is signed:   12/31/18

Vincent R. Fisher
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

☑004/004

**FILED BY FAX**
ALAMEDA COUNTY
POS-015
January 02, 2019
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG18927098

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Eve Cervantez (SBN 164709); Meredith Johnson (SBN 291018)
177 Post Street, Suite 300
San Francisco, California 94108

**TELEPHONE NO.:** 415-421-7151   **FAX NO.** *(Optional):*
**E-MAIL ADDRESS** *(Optional):* ecervantez@altber.com; mjohnson@altber.com
**ATTORNEY FOR** *(Name):* Kristi Maisenbach

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
**STREET ADDRESS:** 1225 Fallon Street
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Oakland, California 94612
**BRANCH NAME:** René C. Davidson Courthouse

**PLAINTIFF/PETITIONER:** Kristi Maisenbach
Pavilions Management, LLC, McDonald's USA, LLC, 4R Family
**DEFENDANT/RESPONDENT:** Enterprises, Inc. and DOES 1-02

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:** RG18927098 |

**TO** *(insert name of party being served):* 4R Family Enterprises, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

McKenzie Langvardt
*(TYPE OR PRINT NAME)*

▶ *(signature)*
*(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   1. First Amended Complaint
   2. Summons for First Amended Complaint
   3. Civil Cover Sheet   4. ADR Packet
   5. Notice of Case Management Conference and Order Assigning Judge

*(To be completed by recipient):*

Date this form is signed:   12/31/18

Vincent R. Fisher
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)*

▶ *(signature)*
*(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT C

1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JOSEPH R. LORDAN, SB# 265610
2     Email: Joseph.Lordan@lewisbrisbois.com
    VINCENT R. FISHER, SB# 276334
3     Email: Vincent.Fisher@lewisbrisbois.com
    333 Bush Street, Suite 1100
4   San Francisco, California 94104-2872
    Telephone: 415.362.2580
5   Facsimile:  415.434.0882

6   Attorneys for Defendants PAVILIONS MANAGEMENT, LLC, and 4R FAMILY ENTERPRISES, INC.

7   **PROSKAUER ROSE LLP**
    SUSAN L. GUTIERREZ, SB# 273980
8     Email: sgutierrez@proskauer.com
    ELAINE H. SIMSON, SB# 294002
9     Email: esimson@proskauer.com
    COLE D. LEWIS, SB# 323030
10    Email: clewis@proskauer.com
    2029 Century Park East, Suite 2400
11  Los Angeles, CA 90067-3010
    Telephone:  310.284.5624
12  Facsimile:   310.557.2193

13  Attorneys for Defendant MCDONALD'S USA, LLC

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

| 16 | KRISTI MAISENBACH, | CASE NO. |
|----|----|----|
| 17 | Plaintiff, | **DEFENDANTS' JOINT STIPULATION TO REMOVE MATTER TO FEDERAL COURT** |
| 18 | vs. | |
| 19 | PAVILIONS      MANAGEMENT,      LLC, MCDONALD'S  USA,  LLC,  4R  FAMILY | |
| 20 | ENTERPRISES, INC. and DOES 1-20, | |
| 21 | Defendants. | |
| 22 | | |

23      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

24  **NORTHERN DISTRICT OF CALIFORNIA:**

25      1.      **WHEREAS,** Defendants PAVILIONS MANAGEMENT, LLC, 4R FAMILY

26  ENTERPRISES, INC., and McDonald's USA. LLC (collectively "Defendants") through their counsel

27  of record hereby stipulate as follows:

28

4831-2567-0274.1

2.   **WHEREAS,** on November 5, 2018, Plaintiff KRISTI MAISENBACH ("Plaintiff"), by and through her attorneys, filed a civil action in the Superior Court of the State of California in and for the County of Alameda, entitled *Kristi Maisenbach v. Pavilions Management, LLC, McDonald's USA, LLC, 4R Family Enterprises, Inc. and Does 1–20*, Case No. RG18927098.

3.   **WHEREAS,** through the cooperation of undersigned counsel, it was determined that the grounds for removal based on federal question existed as of the time of service of the Complaint on Defendants' registered agents.

4.   **WHEREAS,** Defendants agree to timely remove Plaintiff's state court action to federal court on the basis of original "federal question" jurisdiction with Plaintiff's claims.

5.   **WHEREAS,** based on the foregoing, all Defendants jointly seek to remove the above captioned lawsuit to the United States District Court for the Northern District of California. The parties stipulate that they have, at all times, acted in good faith in these proceedings and that there is good cause for granting this removal as the respective rights of all Defendants and Plaintiff will not be prejudiced.

**IT IS SO STIPULATED.**

Dated:  January 17, 2019                      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___/s/ Vincent R. Fisher_____
Joseph R. Lordan
Vincent R. Fisher
Attorneys for Defendants
PAVILIONS MANAGEMENT, LLC, and 4R FAMILY
ENTERPRISES, INC.

Dated:  January 17, 2019                      PROSKAUER ROSE LLP

By: ___/s/ Susan L. Gutierrez_____
Susan L. Gutierrez
Elaine H. Simson
Cole D. Lewis
Attorneys for Defendant
MCDONALD'S USA LLC

/ / /

/ / /

/ / /

/ / /



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this eFiled document.

Dated:  January 17, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Vincent R. Fisher*

Joseph R. Lordan
Vincent R. Fisher
Attorneys for Defendants
PAVILIONS MANAGEMENT, LLC, and 4R FAMILY
ENTERPRISES, INC.



**EXHIBIT D**

# PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    JOSEPH R. LORDAN, SB# 265610
2      Email: Joseph.Lordan@lewisbrisbois.com
    VINCENT R. FISHER, SB# 276334
3      Email: Vincent.Fisher@lewisbrisbois.com
    333 Bush Street, Suite 1100
4   San Francisco, California 94104-2872
    Telephone: 415.362.2580
5   Facsimile:  415.434.0882

6   Attorneys for Defendants
    PAVILIONS MANAGEMENT, LLC, and
7   4R FAMILY ENTERPRISES, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF ALAMEDA

10

11  KRISTI MAISENBACH,                       CASE NO. RG18927098

12              Plaintiff,                    *(Assigned For All Purposes To Hon. Ronnie*
                                             *MacLaren, Dept. 25)*
13      vs.
                                             **DEFENDANT PAVILIONS MANAGEMENT, LLC'S**
14  PAVILIONS     MANAGEMENT,     LLC,       **ANSWER TO FIRST AMENDED COMPLAINT**
    MCDONALD'S   USA,  LLC,  4R  FAMILY
15  ENTERPRISES, INC. and DOES 1-20,         Action Filed:    November 1, 2018
                                             FAC Filed:       November 5, 2018
16              Defendants.                   Trial Date:      None Set

17

18          Defendant PAVILIONS MANAGEMENT, LLC ("Defendant") hereby answers the First

19  Amended Complaint ("FAC") of Plaintiff KRISTI MAISENBACH ("Plaintiff") as follows:

20                                  **GENERAL DENIAL**

21          1.      Under the provisions of section 431.30 of the California Code of Civil Procedure,

22  Defendant denies each, every, and all of the allegations of the FAC and the whole thereof, and denies

23  that the Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

24          2.      Further answering the Plaintiff's FAC, and the whole thereof, Defendant denies that

25  Plaintiff has sustained any injury, damage or loss, if any, by reason of any act or omission of

26  Defendant or its agents or employees.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1                                      1
            DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a first and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC fails to state facts sufficient to constitute a cause of action against Defendant.  See, Cal. Code Civ. Proc. § 430.10.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a second and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a third and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff knew the facts; Plaintiff engaged in conduct intended to be acted upon by Defendant; Defendant was ignorant of the true state of facts; and Defendant relied on Plaintiff's conduct to its detriment. By virtue of her own conduct, Plaintiff is estopped from recovering from Defendant for the claims alleged in her FAC.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a fourth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff committed a voluntary act; knowingly done; Plaintiff had sufficient awareness of relevant circumstances and likely consequences; and Plaintiff had actual or constructive knowledge of the existence of the right to which she was entitled to seek redress upon.  As a result, Plaintiff has waived any right to recovery from Defendant for all causes of action alleged in her FAC.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1

2

DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3       As a fifth affirmative defense to each cause of action of the FAC and as to the entire FAC,

4   Defendant is informed and believe and thereon allege that Plaintiff's FAC is barred, in its entirety, by

5   the doctrine of unclean hands.

6

## SIXTH AFFIRMATIVE DEFENSE

7

### (Failure to Mitigate)

8       As a sixth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

9   Defendant alleges that any and all damages sustained by Plaintiff, if any, as alleged in her FAC, are

10  the direct and proximate cause of Plaintiff's knowing failure to take reasonable steps to utilize the

11  policies and procedures in place at all times alleged in Plaintiff's FAC, and she failed to take

12  reasonable steps to mitigate her damages, if any.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

### (No Attorney's Fees)

15      As a seventh and separate affirmative defense to each cause of action alleged in Plaintiff's

16  FAC, Defendant alleges that the parties did not have an agreement for attorney's fees and Plaintiff's

17  FAC fails to state facts sufficient to support an award of attorney's fees and costs against Defendant.

18  *See*, Cal. Code Civ. Proc. § 1021.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

### (Ratification)

21      As an eighth affirmative defense to each cause of action alleged in Plaintiff's FAC, Plaintiff

22  acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of

23  Defendant, thus barring Plaintiff's recovery.

24

## NINTH AFFIRMATIVE DEFENSE

25

### (Consent)

26      As a ninth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

27  Defendant alleges that Plaintiff's FAC, in whole or in part, is barred by the doctrine of consent.

28  Plaintiff acted freely and voluntarily and not under the influence of threats, force or duress; Plaintiff



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1
3
DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1  had knowledge of the true nature of the act or transaction involved; and Plaintiff possessed the mental

2  capacity to make an intelligent choice whether or not to do something proposed by another person or

3  entity.

4  **TENTH AFFIRMATIVE DEFENSE**

5  **(Laches)**

6  As a tenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

7  Defendant alleges that Plaintiff's claims as set forth in the FAC are barred by the equitable doctrine of

8  laches.

9  **ELEVENTH AFFIRMATIVE DEFENSE**

10  **(Doctrine of Avoidable Consequences)**

11  As an eleventh and separate affirmative defense to each cause of action alleged in Plaintiff's

12  FAC, Defendant allege that Plaintiff failed to take reasonable steps to avoid her alleged damages.

13  Plaintiff could have reasonably foreseen and could have avoided her damages, if any, with the use of

14  reasonable effort and care and without any undue risk or expense.

15  **TWELFTH AFFIRMATIVE DEFENSE**

16  **(Failure to Satisfactorily Perform)**

17  As a twelfth and separate affirmative defense to each cause of action alleged in Plaintiff's

18  FAC, Defendant alleges that any recovery on Plaintiff's FAC, or any purported cause of action alleged

19  therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise

20  conduct herself in accordance with the standards and policies of Defendant.

21  **THIRTEENTH AFFIRMATIVE DEFENSE**

22  **(Legitimate Business Activity & Purpose)**

23  As a thirteenth and separate affirmative defense to each cause of action alleged in Plaintiff's

24  FAC, Defendant alleges that its activities with respect to Plaintiff were privileged or otherwise

25  justified and necessary, as such activities were proper, fair and legitimate business activities and/or

26  were undertaken to fulfill the legitimate employment goals of Defendant for legitimate business

27  related reasons and/or purposes and were not capricious or unlawful.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1                                    4
DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a fourteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred, in whole or in part, because any actions taken with respect to Plaintiff's employment were based on an honest, reasonable, and good faith belief in the facts as known and understood by Defendant at the time and were not arbitrary, capricious, or unlawful.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

As a fifteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred in whole or in part by the After-Acquired Evidence Doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Knowledge or Notice)**

As a sixteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims for relief pursuant to the California Fair Employment and Housing Act ("FEHA"), codified in sections 12900 through 12996, inclusive, of the California Government Code, are barred because Defendant did not have knowledge of or notice of, *inter alia*, the alleged harassment of Plaintiff at the time of any alleged adverse employment action, and had no knowledge or notice of any alleged violation of the FEHA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff Did Not Sustain Any Damages)**

As a seventeenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that it is informed and believes and thereon alleges that Plaintiff's claim for prejudgment interest is barred because Plaintiff sustained no damages.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1

5

DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Emotional Injuries)**

As a eighteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, which is denied, such injuries were the result of pre-existing psychological disorders or alternative concurrent causes and not the result of any act or omission of Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Defendant Entitled to Set-Offs)**

As a nineteenth affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant is entitled to a set-off of any benefits, awards or judgments Plaintiff receives or has received from workers' compensation, unemployment insurance compensation, and from any of Defendant's benefit plans, or from other employers, or governmental benefits for injuries or damages alleged, against any award of damages to Plaintiff in this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

As a twentieth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that the FAC and its alleged causes of action are barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Plaintiff's Acts)**

As a twenty-first and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Business Necessity)**

As a twenty-second and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in part, because even assuming arguendo that retaliatory reasons



1  were a factor in any employment decision involving Plaintiff, Defendant would have made the same

2  employment decision with regard to Plaintiff in any event because of legitimate, lawful, non-

3  discriminatory and non-retaliatory business reasons.

4  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

5  ### (No Punitive Damages)

6  As a twenty-third and separate affirmative defense to each cause of action alleged in Plaintiff's

7  FAC, Defendant alleges Plaintiff's FAC and each and every cause of action set forth therein alleged

8  against Defendant fails to state facts sufficient to recover punitive or exemplary damages or to show

9  that Defendant was guilty of malice, oppression, or fraud, as required by section 3294 of the

10  California Code of Civil Procedure.

11  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

12  ### (Procedural Due Process)

13  As a twenty-fourth and separate affirmative defense to each cause of action alleged in

14  Plaintiff's FAC, Defendant alleges Plaintiff's FAC, to the extent that it seeks punitive or exemplary

15  damages, violates the rights of Defendant to procedural due process under the Fourteenth Amendment

16  to the United States Constitution and under the Constitution of the State of California and, therefore,

17  fails to state a cause of action upon which punitive or exemplary damages may be awarded.

18  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

19  ### (Mixed Motive Doctrine)

20  As a twenty-fifth and separate affirmative defense to each cause of action alleged in Plaintiff's

21  FAC, Defendant alleges Plaintiff is precluded from recovery of reinstatement, back pay or damages

22  because of the mixed motive doctrine. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013).

23  Plaintiff's FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in

24  part because, because, even if Defendant's actions were motivated in part by an illegal reason, such as

25  discrimination or wrongful termination, which Defendant denies, Defendant would have taken the

26  same action against Plaintiff regardless of any alleged illegal reason, and the illegal reason was not a

27  substantial factor.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1

7

DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2

**(Failure to Exhaust Administrative Remedies)**

3

As a twenty-sixth and separate affirmative defense to each cause of action alleged in Plaintiff's

4 FAC, Defendant alleges Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the

5 statutory prerequisites to sue and to exhaust administrative remedies under FEHA, the United States

6 Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. §§ 2000(e), *et seq*. (Title VII of

7 the Civil Rights Act of 1964), the California Labor Code, and/or any other applicable administrative

8 remedy.

9

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

10

**(Failure to Exhaust-Internal Procedures)**

11

As a twenty-seventh and separate affirmative defense to each cause of action alleged in

12 Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred, as valid and proper company

13 policies and procedures prohibiting unlawful retaliation, discrimination or harassment based on

14 classifications protected by law were in place at all relevant times.  Plaintiff failed to comply with

15 these policies and procedures, failed to notify Defendant, and/or failed to exhaust the available

16 remedies under these established internal FAC and grievance procedures.

17

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

18

**(Reasonable Preventative and Corrective Action)**

19

As a twenty-eighth and separate affirmative defense to each cause of action alleged in

20 Plaintiff's FAC, Defendant alleges that it has, at all times, taken reasonable care to prevent and

21 promptly correct any workplace retaliation, harassment, or discrimination from occurring, which

22 Plaintiff unreasonably failed to utilize.

23

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

24

**(No Intent)**

25

As a twenty-ninth and separate affirmative defense to each cause of action alleged in

26 Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred because Defendant, to the extent any

27 of the alleged acts in the FAC were committed, which Defendant specifically denies, did not have the

28 requisite intent.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1

8

DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Discriminatory/Retaliatory/Harassing Animus)**

As a thirtieth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred because Defendant, to the extent any of the alleged acts in the FAC were committed, which Defendant specifically denies, did not have the requisite discriminatory/retaliatory/harassing animus.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Pre-Existing Condition)**

As a thirty-first and separate affirmative defense, Defendant is informed and believes that Plaintiff's causes of action are barred because, to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Claims Exceed Scope of Administrative Charge)**

As a thirty-second and separate affirmative defense, Defendant alleges that the FAC and each cause of action set forth therein are barred, in whole or in part, because, assuming arguendo that Plaintiff did attempt to exhaust their administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the EEOC, the causes of action asserted in the FAC exceed the scope of any potential charged filed with the DFEH and/or the EEOC.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Doctrine of Managerial Discretion/Privilege)**

As a thirty-third and separate affirmative defense, Defendant alleges that Plaintiff's cause of action for discrimination cannot be maintained because Defendant alleges that its conduct (and the conduct of its officers, managers, or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

As a thirty-fourth and separate affirmative defense, Defendant alleges that Plaintiff's third cause of action for failure to prevent discrimination, harassment, and retaliation is barred because there is no private right of action for this claim.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Bad Faith and/or Frivolous Claims)**

As a thirty-fifth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law, including, but not limited to, section 128.5 of the California Code of Civil Procedure and section 12965(b) of the California Government Code.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

As a thirty-eighth separate and distinct affirmative defense Defendant's conduct was privileged as an exercise of its legal right to terminate an at-will employee.

**THIRTY-SEVENTH  AFFIRMATIVE DEFENSE**

**(Liability of Others/Contribution)**

As a thirty-seventh separate and distinct affirmative defense to the FAC, and each and every cause of action purported to be stated therein, Defendant alleges that, if it is determined that Plaintiff sustained any damages as alleged in the FAC, that damage was legally caused or contributed to by persons other than Defendant. The liability of Defendant and other responsible parties, named or unnamed, should be apportioned according to relative degree of fault between them, if any, and the liability of Defendant should be reduced accordingly.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1

DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

2

**(Third Party Fault)**

3

As a thirty-eighth separate and distinct affirmative defense to the FAC, and each and every

4

cause of action purported to be stated therein, the damages alleged in the FAC, if any, were caused, in

5

whole or in part, by the negligence or fault of others for which Defendant is not liable or responsible.

6

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

7

**(Unknown Defenses)**

8

Defendant is informed and believes and thereon alleges that it may have other separate and/or

9

additional defenses of which it is not aware, and hereby reserves the right to assert them by

10

amendment to its Answer as discovery continues.

11

**PRAYER**

12

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

13

1.     That Plaintiff takes nothing from Defendant by way of her FAC herein;

14

2.     That judgment be entered in favor of Defendant and against Plaintiff as to the

15

causes of actions directed against it in Plaintiff's FAC;

16

3.     For Defendant's costs of suit herein incurred; and

17

4.     For such other relief as the Court deems just and proper.

18

DATED: January 29, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

19

By:

20

Joseph R. Lordan
Vincent R. Fisher

21

Attorneys for Defendants,
PAVILIONS MANAGEMENT, LLC, and

22

4R FAMILY ENTERPRISES, INC.

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
*Kristi Maisenbach v. Pavilions Management, LLC, et al.*
Alameda County Superior Court Case No. RG18927098

2

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

5

On January 29, 2019, I served the following document:

6

**DEFENDANT PAVILIONS MANAGEMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

7

8

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

9

10

11

12

13

14

| Eve Hedy Cervantez, Esq.<br>Meredith A. Johnson, Esq.<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Tel:  415.421.7151<br>Fax: 415.362.8064<br>Email: ecervantez@altber.com<br>        mjohnson@altber.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** | Jennifer Schwartz, Esq.<br>Menaka N. Fernando, Esq.<br>Julia C. Stephanide, Esq.<br>Outten & Golden LLP<br>One California Street, 12th Floor<br>San Francisco, CA 94111-5414<br>Tel:  415.638.8800<br>Fax: 415.638.8810<br>Email: jschwartz@outtengolden.com<br>        mfernando@outtengolden.com<br>        jstephanides@outtengolden.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** |
| --- | --- |
| Susan L. Gutierrez, Esq.<br>Elaine H. Simson, Esq.<br>Cole D. Lewis, Esq.<br>Proskauer Rose LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Tel:  310.284.5624<br>Fax:  310.557.2193<br>Email: sgutierrez@proskauer.com<br>        esimson@proskauer.com<br>        clewis@proskauer.com<br>***Attorneys for Defendant McDonald's USA, LLC*** | |

15

16

17

18

19

20

21

22

The document was served by the following means:

23

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

24

25

26

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

27

Dated:  January 29, 2019

28

B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5016-9734.1                                                    12
**PROOF OF SERVICE**

# 4R FAMILY ENTERPRISES, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
  Email: Joseph.Lordan@lewisbrisbois.com
VINCENT R. FISHER, SB# 276334
  Email: Vincent.Fisher@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants
PAVILIONS MANAGEMENT, LLC, and
4R FAMILY ENTERPRISES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KRISTI MAISENBACH,<br><br>      Plaintiff,<br><br>   vs.<br><br>PAVILIONS MANAGEMENT, LLC, MCDONALD'S USA, LLC, 4R FAMILY ENTERPRISES, INC. and DOES 1-20,<br><br>      Defendants. | CASE NO. RG18927098<br><br>***(Assigned For All Purposes To Hon. Ronnie MacLaren, Dept. 25)***<br><br>**DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:    November 1, 2018<br>FAC Filed:      November 5, 2018<br>Trial Date:     None Set |

Defendant 4R FAMILY ENTERPRISES, INC. ("Defendant") hereby answers the First Amended Complaint ("FAC") of Plaintiff KRISTI MAISENBACH ("Plaintiff") as follows:

**GENERAL DENIAL**

1.     Under the provisions of section 431.30 of the California Code of Civil Procedure, Defendant denies each, every, and all of the allegations of the FAC and the whole thereof, and denies that the Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

2.     Further answering the Plaintiff's FAC, and the whole thereof, Defendant denies that Plaintiff has sustained any injury, damage or loss, if any, by reason of any act or omission of Defendant or its agents or employees.

/ / /

/ / /

1

## AFFIRMATIVE DEFENSES

2

## FIRST AFFIRMATIVE DEFENSE

3

### (Failure to State a Cause of Action)

4       As a first and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

5 Defendant alleges that Plaintiff's FAC fails to state facts sufficient to constitute a cause of action

6 against Defendant.  See, Cal. Code Civ. Proc. § 430.10.

7

## SECOND AFFIRMATIVE DEFENSE

8

### (Statute of Limitations)

9       As a second and separate affirmative defense to each cause of action alleged in Plaintiff's

10 FAC, Defendant alleges that Plaintiff's FAC is barred by the applicable statute of limitations.

11

## THIRD AFFIRMATIVE DEFENSE

12

### (Estoppel)

13       As a third and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

14 Defendant alleges that Plaintiff knew the facts; Plaintiff engaged in conduct intended to be acted upon

15 by Defendant; Defendant was ignorant of the true state of facts; and Defendant relied on Plaintiff's

16 conduct to its detriment. By virtue of her own conduct, Plaintiff is estopped from recovering from

17 Defendant for the claims alleged in her FAC.

18

## FOURTH AFFIRMATIVE DEFENSE

19

### (Waiver)

20       As a fourth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

21 Defendant alleges that Plaintiff committed a voluntary act; knowingly done; Plaintiff had sufficient

22 awareness of relevant circumstances and likely consequences; and Plaintiff had actual or constructive

23 knowledge of the existence of the right to which she was entitled to seek redress upon.  As a result,

24 Plaintiff has waived any right to recovery from Defendant for all causes of action alleged in her FAC.

25 / / /

26 / / /

27 / / /

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a fifth affirmative defense to each cause of action of the FAC and as to the entire FAC, Defendant is informed and believe and thereon allege that Plaintiff's FAC is barred, in its entirety, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a sixth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that any and all damages sustained by Plaintiff, if any, as alleged in her FAC, are the direct and proximate cause of Plaintiff's knowing failure to take reasonable steps to utilize the policies and procedures in place at all times alleged in Plaintiff's FAC, and she failed to take reasonable steps to mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

As a seventh and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that the parties did not have an agreement for attorney's fees and Plaintiff's FAC fails to state facts sufficient to support an award of attorney's fees and costs against Defendant. *See*, Cal. Code Civ. Proc. § 1021.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

As an eighth affirmative defense to each cause of action alleged in Plaintiff's FAC, Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring Plaintiff's recovery.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

As a ninth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC, in whole or in part, is barred by the doctrine of consent. Plaintiff acted freely and voluntarily and not under the influence of threats, force or duress; Plaintiff



1 | had knowledge of the true nature of the act or transaction involved; and Plaintiff possessed the mental

2 | capacity to make an intelligent choice whether or not to do something proposed by another person or

3 | entity.

4 | **TENTH AFFIRMATIVE DEFENSE**

5 | **(Laches)**

6 | As a tenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC,

7 | Defendant alleges that Plaintiff's claims as set forth in the FAC are barred by the equitable doctrine of

8 | laches.

9 | **ELEVENTH AFFIRMATIVE DEFENSE**

10 | **(Doctrine of Avoidable Consequences)**

11 | As an eleventh and separate affirmative defense to each cause of action alleged in Plaintiff's

12 | FAC, Defendant allege that Plaintiff failed to take reasonable steps to avoid her alleged damages.

13 | Plaintiff could have reasonably foreseen and could have avoided her damages, if any, with the use of

14 | reasonable effort and care and without any undue risk or expense.

15 | **TWELFTH AFFIRMATIVE DEFENSE**

16 | **(Failure to Satisfactorily Perform)**

17 | As a twelfth and separate affirmative defense to each cause of action alleged in Plaintiff's

18 | FAC, Defendant alleges that any recovery on Plaintiff's FAC, or any purported cause of action alleged

19 | therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise

20 | conduct herself in accordance with the standards and policies of Defendant.

21 | **THIRTEENTH AFFIRMATIVE DEFENSE**

22 | **(Legitimate Business Activity & Purpose)**

23 | As a thirteenth and separate affirmative defense to each cause of action alleged in Plaintiff's

24 | FAC, Defendant alleges that its activities with respect to Plaintiff were privileged or otherwise

25 | justified and necessary, as such activities were proper, fair and legitimate business activities and/or

26 | were undertaken to fulfill the legitimate employment goals of Defendant for legitimate business

27 | related reasons and/or purposes and were not capricious or unlawful.

28 | / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-3387-0982.1

4

DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a fourteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred, in whole or in part, because any actions taken with respect to Plaintiff's employment were based on an honest, reasonable, and good faith belief in the facts as known and understood by Defendant at the time and were not arbitrary, capricious, or unlawful.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

As a fifteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred in whole or in part by the After-Acquired Evidence Doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Knowledge or Notice)**

As a sixteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims for relief pursuant to the California Fair Employment and Housing Act ("FEHA"), codified in sections 12900 through 12996, inclusive, of the California Government Code, are barred because Defendant did not have knowledge of or notice of, *inter alia*, the alleged harassment of Plaintiff at the time of any alleged adverse employment action, and had no knowledge or notice of any alleged violation of the FEHA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff Did Not Sustain Any Damages)**

As a seventeenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that it is informed and believes and thereon alleges that Plaintiff's claim for prejudgment interest is barred because Plaintiff sustained no damages.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-3387-0982.1

5

DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Emotional Injuries)**

As a eighteenth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, which is denied, such injuries were the result of pre-existing psychological disorders or alternative concurrent causes and not the result of any act or omission of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Defendant Entitled to Set-Offs)**

As a nineteenth affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant is entitled to a set-off of any benefits, awards or judgments Plaintiff receives or has received from workers' compensation, unemployment insurance compensation, and from any of Defendant's benefit plans, or from other employers, or governmental benefits for injuries or damages alleged, against any award of damages to Plaintiff in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

As a twentieth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that the FAC and its alleged causes of action are barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Plaintiff's Acts)**

As a twenty-first and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Business Necessity)**

As a twenty-second and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in part, because even assuming arguendo that retaliatory reasons

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-3387-0982.1

6

DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

1   were a factor in any employment decision involving Plaintiff, Defendant would have made the same

2   employment decision with regard to Plaintiff in any event because of legitimate, lawful, non-

3   discriminatory and non-retaliatory business reasons.

4   <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

5   **(No Punitive Damages)**

6   As a twenty-third and separate affirmative defense to each cause of action alleged in Plaintiff's

7   FAC, Defendant alleges Plaintiff's FAC and each and every cause of action set forth therein alleged

8   against Defendant fails to state facts sufficient to recover punitive or exemplary damages or to show

9   that Defendant was guilty of malice, oppression, or fraud, as required by section 3294 of the

10  California Code of Civil Procedure.

11  <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

12  **(Procedural Due Process)**

13  As a twenty-fourth and separate affirmative defense to each cause of action alleged in

14  Plaintiff's FAC, Defendant alleges Plaintiff's FAC, to the extent that it seeks punitive or exemplary

15  damages, violates the rights of Defendant to procedural due process under the Fourteenth Amendment

16  to the United States Constitution and under the Constitution of the State of California and, therefore,

17  fails to state a cause of action upon which punitive or exemplary damages may be awarded.

18  <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

19  **(Mixed Motive Doctrine)**

20  As a twenty-fifth and separate affirmative defense to each cause of action alleged in Plaintiff's

21  FAC, Defendant alleges Plaintiff is precluded from recovery of reinstatement, back pay or damages

22  because of the mixed motive doctrine. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013).

23  Plaintiff's FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in

24  part because, because, even if Defendant's actions were motivated in part by an illegal reason, such as

25  discrimination or wrongful termination, which Defendant denies, Defendant would have taken the

26  same action against Plaintiff regardless of any alleged illegal reason, and the illegal reason was not a

27  substantial factor.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a twenty-sixth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under FEHA, the United States Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. §§ 2000(e), *et seq*. (Title VII of the Civil Rights Act of 1964), the California Labor Code, and/or any other applicable administrative remedy.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust-Internal Procedures)**

As a twenty-seventh and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred, as valid and proper company policies and procedures prohibiting unlawful retaliation, discrimination or harassment based on classifications protected by law were in place at all relevant times.  Plaintiff failed to comply with these policies and procedures, failed to notify Defendant, and/or failed to exhaust the available remedies under these established internal FAC and grievance procedures.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Reasonable Preventative and Corrective Action)**

As a twenty-eighth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that it has, at all times, taken reasonable care to prevent and promptly correct any workplace retaliation, harassment, or discrimination from occurring, which Plaintiff unreasonably failed to utilize.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Intent)**

As a twenty-ninth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred because Defendant, to the extent any of the alleged acts in the FAC were committed, which Defendant specifically denies, did not have the requisite intent.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Discriminatory/Retaliatory/Harassing Animus)**

As a thirtieth and separate affirmative defense to each cause of action alleged in Plaintiff's FAC, Defendant alleges that Plaintiff's FAC is barred because Defendant, to the extent any of the alleged acts in the FAC were committed, which Defendant specifically denies, did not have the requisite discriminatory/retaliatory/harassing animus.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Pre-Existing Condition)**

As a thirty-first and separate affirmative defense, Defendant is informed and believes that Plaintiff's causes of action are barred because, to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Claims Exceed Scope of Administrative Charge)**

As a thirty-second and separate affirmative defense, Defendant alleges that the FAC and each cause of action set forth therein are barred, in whole or in part, because, assuming arguendo that Plaintiff did attempt to exhaust their administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the EEOC, the causes of action asserted in the FAC exceed the scope of any potential charged filed with the DFEH and/or the EEOC.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Doctrine of Managerial Discretion/Privilege)**

As a thirty-third and separate affirmative defense, Defendant alleges that Plaintiff's cause of action for discrimination cannot be maintained because Defendant alleges that its conduct (and the conduct of its officers, managers, or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-3387-0982.1

9

DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As a thirty-fourth and separate affirmative defense, Defendant alleges that Plaintiff's third cause of action for failure to prevent discrimination, harassment, and retaliation is barred because there is no private right of action for this claim.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

As a thirty-fifth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law, including, but not limited to, section 128.5 of the California Code of Civil Procedure and section 12965(b) of the California Government Code.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

As a thirty-eighth separate and distinct affirmative defense Defendant's conduct was privileged as an exercise of its legal right to terminate an at-will employee.

## THIRTY-SEVENTH  AFFIRMATIVE DEFENSE

### (Liability of Others/Contribution)

As a thirty-seventh separate and distinct affirmative defense to the FAC, and each and every cause of action purported to be stated therein, Defendant alleges that, if it is determined that Plaintiff sustained any damages as alleged in the FAC, that damage was legally caused or contributed to by persons other than Defendant.  The liability of Defendant and other responsible parties, named or unnamed, should be apportioned according to relative degree of fault between them, if any, and the liability of Defendant should be reduced accordingly.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-3387-0982.1

10

DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Third Party Fault)**

As a thirty-eighth separate and distinct affirmative defense to the FAC, and each and every cause of action purported to be stated therein, the damages alleged in the FAC, if any, were caused, in whole or in part, by the negligence or fault of others for which Defendant is not liable or responsible.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Unknown Defenses)**

Defendant is informed and believes and thereon alleges that it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to its Answer as discovery continues.

**PRAYER**

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff takes nothing from Defendant by way of her FAC herein;

2.     That judgment be entered in favor of Defendant and against Plaintiff as to the causes of actions directed against it in Plaintiff's FAC;

3.     For Defendant's costs of suit herein incurred; and

4.     For such other relief as the Court deems just and proper.

DATED: January 29, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Joseph R. Lordan
Vincent R. Fisher
Attorneys for Defendants,
PAVILIONS MANAGEMENT, LLC, and
4R FAMILY ENTERPRISES, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CALIFORNIA STATE COURT PROOF OF SERVICE
### *Kristi Maisenbach v. Pavilions Management, LLC, et al.*
2
Alameda County Superior Court Case No. RG18927098

3
STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business
4
address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

5
On January 29, 2019, I served the following document:

6
**DEFENDANT 4R FAMILY ENTERPRISES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

7
I served the document on the following persons at the following addresses (including fax
numbers and email addresses, if applicable):

| | |
|---|---|
| Eve Hedy Cervantez, Esq.<br>Meredith A. Johnson, Esq.<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Tel:  415.421.7151<br>Fax: 415.362.8064<br>Email: ecervantez@altber.com<br>        mjohnson@altber.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** | Jennifer Schwartz, Esq.<br>Menaka N. Fernando, Esq.<br>Julia C. Stephanide, Esq.<br>Outten & Golden LLP<br>One California Street, 12th Floor<br>San Francisco, CA 94111-5414<br>Tel:  415.638.8800<br>Fax: 415.638.8810<br>Email: jschwartz@outtengolden.com<br>        mfernando@outtengolden.com<br>        jstephanides@outtengolden.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** |
| Susan L. Gutierrez, Esq.<br>Elaine H. Simson, Esq.<br>Cole D. Lewis, Esq.<br>Proskauer Rose LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Tel:  310.284.5624<br>Fax:  310.557.2193<br>Email: sgutierrez@proskauer.com<br>        esimson@proskauer.com<br>        clewis@proskauer.com<br>***Attorneys for Defendant McDonald's USA, LLC*** | |

The document was served by the following means:

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the
persons at the addresses listed above and placed the envelope or package for collection and mailing,
following our ordinary business practices. I am readily familiar with the firm's practice for collection
and processing correspondence for mailing.  Under that practice, on the same day that correspondence
is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S.
Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

Dated:  January 29, 2019

_____
B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

12
**PROOF OF SERVICE**

**CERTIFICATE OF SERVICE**
*Kristi Maisenbach v. Pavilions Management, LLC, et al.*
USDC-ND, _____, Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 30, 2019, I served the following document:

**DEFENDANTS PAVILIONS MANAGEMENT, LLC, AND 4R FAMILY ENTERPRISES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

| | |
|---|---|
| Eve Hedy Cervantez, Esq.<br>Meredith A. Johnson, Esq.<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Tel:  415.421.7151<br>Fax: 415.362.8064<br>Email:  ecervantez@altber.com<br>            mjohnson@altber.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** | Jennifer Schwartz, Esq.<br>Menaka N. Fernando, Esq.<br>Julia C. Stephanide, Esq.<br>Outten & Golden LLP<br>One California Street, 12th Floor<br>San Francisco, CA 94111-5414<br>Tel:  415.638.8800<br>Fax: 415.638.8810<br>Email: jschwartz@outtengolden.com<br>            mfernando@outtengolden.com<br>            jstephanides@outtengolden.com<br>***Attorneys for Plaintiff Kristi Maisenbach*** |
| Susan L. Gutierrez, Esq.<br>Elaine H. Simson, Esq.<br>Cole D. Lewis, Esq.<br>Proskauer Rose LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Tel:  310.284.5624<br>Fax:  310.557.2193<br>Email: sgutierrez@proskauer.com<br>            esimson@proskauer.com<br>            clewis@proskauer.com<br>***Attorneys for Defendant McDonald's USA, LLC*** | |

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-0746-0486.1

1        The document was served by the following means:

2   ☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons
    at the address listed above and placed the envelope or package for collection and mailing, following
3   our ordinary business practices. I am readily familiar with the firm's practice for collection and
    processing correspondence for mailing.  Under that practice, on the same day that correspondence is
4   placed for collection and mailing, it is deposited in the ordinary course of business with the U.S.
    Postal Service, in a sealed envelope of package with the postage fully prepaid.

5
        I declare under penalty of perjury under the laws of the United States of America that the
6   foregoing is true and correct.

7
    Dated:  January 30, 2019                    _/s/ B. Yasinah Johnson_____
8                                                B. Yasinah Johnson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-0746-0486.1

**CERTIFICATE OF SERVICE**